THE STATE ex rel. EMERT C. HILBERT, Prosecuting Attorney of Lewis County, Appellant, v. E. C. GLAVES et al.

**In Banc, May 15, 1916.**

1. **CONSOLIDATED SCHOOL DISTRICT: Recording Proceedings.** The Consolidated School District Law, Laws 1913, p. 722, does not require the petition and certificate of the proceedings at the election to be spread of record by the county superintendent, nor are they unavailing in a *quo warranto* because they have not been recorded by him.

2. ————: **Rights of Existing Districts.** The Consolidated School District Law does not make the welfare of common school districts which are divided by the formation of the consolidated district a judicial question, but submits it to the discretion of the county superintendent in the first instance, and next to the voters at the election required to be held.

3. ————: **Notices: Boundaries.** Notices of an election for the formation of a consolidated school district are not void because they do not set out the description and boundaries of the proposed district. The statute (Laws 1913, sec. 3, p. 722) only requires the notices to state "the place, time and purpose" of the meeting, and the word "purpose" does not impose the duty of setting out the exact boundary. Especially should this be the ruling since (1) the statute is to be liberally construed, (2) in addition to notices it requires plats designed to inform the voters of the exact boundaries to be posted in at least five places in the proposed district, and (3) the notices in this case stated that it was proposed to organize a consolidated district "with boundaries as laid out on the plats posted."

4. ————: **Certificate of Proceedings: Place of Meeting: Oral Evidence.** The attempted formation of the consolidated school district is not to be held void on the ground that the certificate of the proceedings of the special meeting does not expressly state that the meeting was held in the building designated in the notice; because: (1) the statute does not require the chairman and secretary's certificates to state the place of meeting, but merely requires them to certify the proceedings of the meeting and (2) oral evidence is therefore admissible to supplement the certificate in this respect, and (3) in this case the certificate states the "meeting of the qualified voters of the proposed consolidated school district as per attached notice and plat" met at a designated hour, and the notice designates a definite place, and therefore the certificate gives definite information as to the place of meeting.

5. **PLATS: Boundaries.** Plats of the proposed consolidated school district, drawn to a regular scale, in which a relatively small portion of the boundary is represented by an irregular line which does not follow the section lines or lines of section subdivisions, is not so insufficient as to render void the attempted formation of the district.

6. ————: **Discrepancies.** Nor are the plats posted insufficient because there is an extremely slight discrepancy in the irregular line in two of them.

Appeal from Lewis Circuit Court.—*Hon. Charles D. Stewart,* Judge.

AFFIRMED.

*H. S. Rouse, R. J. McNally, Hilbert & Henderson, B. F. Thompson, J. G. Trimble* and *E. R. McKee* for appellant.

(1) Notice does not describe land sought to be included. Should describe it sufficiently to enable voters to understand the exact land intended to comprise the district. State ex rel. v. Eden, 54 Mo. App. 31; School District v. Neal, 74 Mo. App. 553; State ex rel. v. Gibson, 78 Mo. App. 170; School District No. 4 v. Smith, 90 Mo. App. 215; State ex rel. v. Young, 84 Mo. 90; Mason v. Kenedy, 89 Mo. 23; School District v. School District, 94 Mo. 612; State ex rel. v. Job, 205 Mo. 1. True, the notice refers to the plat for a description, but the plats were not posted at same places the notices were. They were posted in other and different parts of the district sought to be affected. (2) The notice posted notified the voters that meeting would be held at "Gem Theater, at Lewistown." The record of the meeting simply shows it was held "At Lewistown." The place of meeting is jurisdictional; the meeting must be held where notice calls for. Kane & Co. v. The School District of Calhoun, 48 Mo. App. 414; State v. Lawrence, 178 Mo. App. 374; Surveying Co. v. St. Louis, 68 Mo. App. 187; State ex rel. v. Lockett, 54 Mo. App. 208. (3) The decree of the court should be set aside for the reason that there is no record of the proposed organization of the district kept by the county superintendent of schools as is contemplated by the statute. The county superintendent is a county official (R. S. 1909, sec. 10929). He must turn over his "records" (Sec. 10929). He must give bond for "records." He must have a place to keep his "records." The county must

furnish a book for his "records." He must turn over
to his successor his "records" (Sec. 10931). An officer
can speak only by his "records." His "record" is
conclusive. Newcomb v. Railroad, 182 Mo. 687. The
law contemplates that the county superintendent shall
keep records of his official acts, and in such a matter
as this it is very important that records should be kept.
An examination of the testimony in this case shows
that the only evidence of his official acts is oral.

*F. H. McCullough* and *J. L. Brightwell* for re-
spondents.

(1) The record in this case shows a substantial
compliance with the provisions of the laws of Missouri,
applying to consolidated schools. Laws 1913, p. 720.
(2) The Consolidated School Law is constitutional.
State ex rel. v. Gordon, 261 Mo. 631. (3) For a half
century it has been recognized in this State that the
business affairs of all public schools must be transacted
by plain, honest citizens, not accustomed to legal techni-
calities, and if their proceedings, which were had in
good faith, can be treated as void for irregularities
which do not affect the substantial rights of the people
interested, then the beneficial object of our school sys-
tem wold entirely fail in many of the school districts
of this State. Eads v. Woolridge, 27 Mo. 251; Rice v.
McClelland, 58 Mo. 116; State ex rel. v. Job, 205 Mo.
1; School Dist. v. School Dist., 181 Mo. App. 583;
School Dist. v. Chappel, 155 Mo. App. 498; State ex rel.
v. Sexton, 151 Mo. App. 517; State ex rel. v. Andrae,
216 Mo. 617. (4) Mere omissions to perform certain
requirements of the Consolidated School Law, not go-
ing to the merits, are not mandatory and will not
invalidate such proceedings. (5) The statute provides
that certain acts or things shall be done within a par-
ticular time and in a particular manner, and does not
declare that their performance is essential to the valid-

ity of the election. Such acts are therefore directory, and, if they do not affect the actual merits of the election will not invalidate the proceedings. Technicalities have no place in construing the school laws. Sanders v. Lacks, 142 Mo. 255; State v. Swearingen, 128 Mo. App. 605; State ex rel. v. Cloud, 180 S. W. 26.

BLAIR, J.—Relator appeals from a judgment for respondents rendered in the Lewis Circuit Court in a proceeding by *quo warranto,* begun for the purpose of testing the validity of the organization of a consolidated school district in that county. The facts necessary to an understanding of the questions presented are stated in the course of the opinion.

I. It is contended the petition and the certificate of the proceedings at the election. (Sec. 3, Laws 1913, pp. 722, 723) were incompetent because not shown to have been spread of record by the county superintendent. Sections 10929 and 10931, Revised Statutes 1909, are relied upon. These sections provide for no records. They require the superintendent to deliver "all books, papers, certificates, stub books and records" to his successor, and thereby imply records are required by other statutes. The documents objected to are governed by the act referred to, and it makes no provision for their recording. That act is satisfied when the petition and certificate are deposited with the superintendent. [State ex inf. v. Clardy, 267 Mo. 371.] The documents offered were marked filed and were produced by the superintendent. It may be, as suggested, that recording the petition and certificate would better preserve the evidence of the organization of the district. That is matter for the Legislature.

*Records of Consolidated School District.*

II. In forming the new district common school districts were divided. It is insisted the welfare of the

excluded parts of such districts was not given due consideration.　The statute does not make this

**Rights of Existing Districts.** a judicial question, but invokes for its settlement the discretion of the superintendent, in the first place, and then submits it, with the rest, to the voters at the election required to be held. This infringes no constitutional right.　[State ex inf. v. Jones, 266 Mo. 1. c. 197.]　The statute (Sec. 5, Laws 1913, p. 723) provides procedure for annexation of fractional districts to the consolidated district, and also provides a summary method of annexation to adjacent common school districts.　What method might apply to annexation to an adjoining city, town and village district is not presented for decision.

　III.　It is urged the organization is void because the notices posted failed to set out the description and boundaries of the proposed district.　The statute (Laws

**Notices.** 1913, sec. 3, p. 722) requires that the superintendent shall call the election "by posting within the proposed district ten notices in public places, stating the place, time and purpose of such meeting. At least fifteen days' notice shall be given and the meeting shall commence at two o'clock p. m. on the date set.　The county superintendent shall also post within said proposed district five plats of the proposed consolidated district at least fifteen days prior to the date of the special meeting."　It further provides that a copy of the petition and plat shall be filed with the county clerk and that one plat shall be taken to the special meeting.　In case the district as established includes territory in more than one county a copy of the petition and plat is required to be filed with the county clerk of each county affected.

　The decisions principally relied on in this connection are School Dist. No. 1. v. School Dist. No. 4, 94 Mo. 1. c. 618, 619;　State ex rel. v. Eden, 54 Mo. App. 1. c. 34 et seq.;　and School Dist. No. 4 v. Smith, 90 Mo. App.

215. In these cases the courts were dealing with changes in school districts and interpreting statutes which respectively provided for "notice of required change," "notice of desired change," and notice of "proposed change." These expressions are practically equivalent. That language was held to mean that the notice itself must describe the change it was proposed to make in district boundaries. The statute applicable in this case requires the notice to state the "time, place and purpose" of the meeting. It is argued the use of the word "purpose" imposed the duty of setting out the exact boundaries. It is true the word might be given such a construction. It is to be observed, however, that there was already (cases last cited) employed in statutes in *pari materia* language having a judicially determined meaning adequate to express the idea now asserted to be contained in the word "purpose" as used in the act before us. The use of this language was avoided by the Legislature.

Again, in the very act itself, the Legislature used the words "exact boundaries" in one connection in which it desired to require the setting out of the exact limits of the district. In addition, the act provides for the posting of plats in five public places, which plats are designed to inform the voter of the exact boundaries of the proposed district. In view of these things and of the fact that the act is to be liberally construed (State ex inf. v. Jones, 266 Mo. l. c. 201) the word "purpose" ought not to be given a construction which would require in the notice more than a statement of the general purpose of the meeting to be held pursuant thereto. The notice, so written, is sufficient to advise the citizens of the community that a meeting is to be held at a stated time and place for the purpose of forming a consolidated school district. The notice, under the law every citizen is presumed to know, implies the posting of plats which each citizen can then examine.

Whether the Legislature should require more specific notice and require a plat to accompany every notice posted, is a question for it to decide. [State ex inf. v. Jones, 266 Mo. 1. c. 201.] The notice in this case specifically stated that it was proposed to organize a consolidated school district "in this community with boundaries as laid out on the plats posted." With five of the ten required notices a plat was also posted. The point is ruled against appellant.

IV. The certificate of the proceedings of the special meeting did not expressly state that the meeting was held at the "Gem Theatre," that being the particular place of meeting mentioned in the notice. It did state that "a meeting of the qualified voters of the proposed consolidated school district as per attached notice and plat, met at two o'clock p. m. at Lewistown, Missouri, April 6, 1914." As a matter of fact the meeting was held at the time and place the notice specified, but it is insisted oral evidence was inadmissible to supplement the certificate in this respect. The authorities relied upon announce the rule that when a statute creating a corporation and providing for its proceedings requires such proceedings to be preserved in a record kept for that purpose, then such record is the only proper evidence of such proceedings. [State v. Lawrence, 178 Mo. 1. c. 374.] The applicable statute does not require the chairman and secretary's certificate to state the place of meeting. They are merely required to certify the *proceedings* of the meeting. Oral evidence was admissible. Further, the certificate clearly implies the meeting was held at the particular place specified in the notice, reciting that it was held "as per the attached notice." Under the rule requiring the act to be liberally construed, the proceedings cannot be held void on this ground.

*[margin:* Certificate: Place of Meeting.*]*

V. It is insisted, finally, that the plats posted were insufficient in that they (1) did not set out the exact boundaries of the proposed district, and (2) that the boundaries as set out in two plats in evidence did not exactly coincide.

Plats.

(a) The first of these positions is based upon the fact that a relatively small portion of the boundary of the proposed district was represented by an irregular line which did not follow the section lines or lines of subdivisions of sections. This objection cannot be sustained. The plat was drawn to a regular scale, and there is no difficulty, in such case, of determining the exact position of every point in the irregular line.

(b) The discrepancy between the two plats, if any, is extremely slight. The area of the district is more than twenty-five square miles, and its boundary line is about twenty-three miles. The lines follow the section lines or subdivisional lines throughout except for the major part of the line through section 32 of township 62, range 9. This portion of the boundary is represented by an irregular line which some of the evidence tends to show follows a creek. In the two plats before us the irregular lines representing part of the boundary in section 32 are not exactly alike. One is in part heavier than the other and parts of it heavier than other parts. This partially explains the discrepancy. One is slightly more regular in its curves and approaches a little nearer the quarter-quarter section line across the south half of section 32. It is difficult to discern any substantial difference between the two lines. Careful measurement, however, indicates one plat includes, by reason of differences in these irregular lines, probably fifteen or twenty acres more than the other. This out of a total of well over sixteen thousand acres. No evidence of fraudulent intent appears. No evidence indicates any residence is affected by the discrepancy. There is no reasonable ground for believing any voter could have been misled to his prejudice. The

discrepancy is apparently due to the county superin-
tendent's lack of suitable instruments for laying down,
with absolute exactness, irregular lines in the plat.  We
do not regard the discrepancy, in these circumstances,
as fatal to the organization of the district.  The fifteen
or twenty-acre tract affected is proportionately incon-
siderable and could hardly have affected the voter, since
the difference in the lines is barely appreciable.  What
is said is not intended to affect any question of the
taxation of the inconsiderable tract affected.  The judg-
ment is affirmed.

All concur, *Bond, J.*, in the result.