THE STATE ex inf. HENRY J. WEST, Prosecuting Attorney of Linn County, ex rel. ELWOOD THUDIUM et al., Appellants, v. CONSOLIDATED SCHOOL DISTRICT, WILLIAM T. McGHEE et al.

Division Two, October 11, 1921.

1. **APPELLATE JURISDICTION:** Title to Office: School Director. The office of school director is an office in this state, and under the Constitution (Sec. 12, Art. 6) the Supreme Court has exclusive jurisdiction of an appeal from a judgment of the circuit court in *quo warranto* brought to oust school directors.

2. **CONSOLIDATED SCHOOL DISTRICT:** Information in Quo Warranto: Remoteness from School House. In a *quo warranto* brought against a consolidated school district and its officers, it is not error, upon motion, to strike from the information an allegation that the residences of relators are too remote from the place where schools are to be maintained and are separated therefrom by a creek which is sometimes impassable. The legal voters within the boundaries marked out by the county superintendent have the absolute right, upon proper notice, to accept or reject such boundaries.

3. ————: ————: Fraud and Deceit: Coercion of Superintendent. In a *quo warranto* brought against a consolidated school district and its officers, it is not error, upon motion, to strike from the information allegations that the county superintendent, in answering the petition for the formation of the district, was misled by the defendants and was the victim of fraud and deceit, and that he was coerced and intimidated by them and compelled, against his will, to call to order the meeting of the legal voters within the proposed boundaries, assembled, upon notice, to pass upon the question of forming such distriit and electing directors therefor, there being no allegation that the voters who voted upon said questions were either deceived or misled: First, because the county superintendent, in marking out the boundaries and in calling the meeting to order, was exercising a ministerial duty, and is not a party to the suit; second, even if he were a party, he could not have been deceived, and it is of no consequence what representations might have been made to him, since the law makes it his duty to visit the community and locate the boundaries according to his best judgment, and he could have seen the geographical situation and phy-

State ex inf. West v. Consolidated School District.

sical conditions of the proposed district as well as others, and all the facts were or should have been just as apparent to him as to his alleged deceivers, and the right to accept or reject his judgment is by the statute left with the legal voters; and, third, he could not have been coerced or intimidated into calling the meeting to order, because the statute makes it his duty, when the voters are assembled, upon proper notice, to call the meeting to order.

4. ———: **Amended Certificate.** An amended certificate, filed with the county clerk by the chairman and secretary of the meeting of the legal voters at which they voted to form a consolidated school district according to the plats and notices, made for the purpose of making the certificate conform to the facts and in correction of an incorrect certificate previously filed by them, is properly admitted in evidence in a *quo warranto* proceeding brought to dissolve the district. The district should not suffer because of an error in failing to include all the lands made by the chairman and secretary in the first certificate.

Appeal from Linn Circuit Court.—*Hon. Fred Lamb,* Judge.

AFFIRMED.

*C. C. Bigger* and *Bresnehen & Burns* for appellant.

(1) The court erred in sustaining defendant's motion to strike part of plaintiff's petition. Laws 1917, sec. 3, 509. Said Section 3 provides that upon receipt of the petition by twenty-five qualified voters, the superintendent shall visit the community and investigate the needs of the community and determine the exact boundaries of the proposed consolidated district. In determining these boundaries, he shall so locate the boundary lines as will in his judgment form the best possible consolidated district, having due regard to the welfare of the adjoining districts. The petition charges that the superintendent was prevented from doing this by the fraud of the defendants; that the road between District 24 and Shelby, on a direct route, was concealed from him by the defendants, and that they took him in an indirect way to District 24, with the fraudulent in-

136    SUPREME COURT OF MISSOURI,

State ex inf. West v. Consolidated School District.

tent to mislead him.   (2)   The court erred in sustaining the motion to strike out part of plaintiff's petition, alleging that, when the superintendent discovered the mistake in outlining the proposed consolidated district and attempted to correct the mistake and provide for two other districts, he was intimidated, coerced and threatened, and prevented from correcting the mistake. State ex rel. Hilbert v. Glaves, 268 Mo. 100.   (3)   Fraud on the part of the defendants prevented the citizens involved in the proposed consolidated district from having the benefit of the free will and judgment of the superintendent, and thereby vitiated the entire proceedings. State ex rel. Hilbert v. Glaves, 268 Mo. 100; State ex rel. District 52 v. Wright, 270 Mo. 376.

*E. B. Fields* for respondents.

(1)   After the county superintendent had ordered the election for the consolidated school district, had posted notices calling the election, he could not then call the election off by ordering persons in the proposed district, to take down the notices and circulate a new petition.   State ex rel. v. Gill, 190 Mo. 79.   (2)   As long as the Legislature violates no constitutional restrictions upon its acts, the wisdom of any act is not subject to review by the court; nor can the courts consider the policy of an act authorizing the consolidation of a school district when applied to sparsely settled communities, or when applied to a single district already organized which contains a large part of the voting population in the community or territory affected by the proposed consolidation.   State ex inf. v. Jones, 266 Mo. 191.   (3)   In fixing the boundary lines in such a way as in the judgment of the county superintendent will form the best consolidated district, the statutes leave both the measure of the judgment and the *quantum* of due regard of the welfare of the adjoining district to a sound official discretion; and the sole way of correcting his exercise of a bad judgment and

discretion is the rejection by the voters to the proposition to organize the consolidated district. State ex rel. v. Wright, 270 Mo. 376. (4) Alleged fraudulent statements made to voters by the county superintendent before the consolidated district was formed, that their taxes would not be increased by its formation more than fifteen or twenty cents on the hundred dollars' valuation has no place in a *quo warranto* brought against the directors to oust them on the ground that the district was not legally organized, for even if made they are no grounds for outlawing the district. State ex rel. v. Wright, 270 Mo. 376. And conversely if made by voters to the superintendent the same rule of law would apply. (5) The plat was sufficient. It was a substantial compliance with the law. 'That is all that is required. State ex inf. v. Smith, 271 Mo. 168; State ex inf. v. Jones, 266 Mo. 191; State ex rel. v. Job, 205 Mo. 1; State ex inf. v. Morgan, 268 Mo. 265; State ex rel. v. Cloud, 192 Mo. App. 322; State ex rel. v. Glaves, 268 Mo. 100. (6) The first certificate filed by the chairman and secretary, was probably sufficient. State ex rel. v. Glaves, 268 Mo. 100. But there was no reason why, upon discovery that it was slightly defective, a new one should not be filed correcting the error. The new certificate conforms exactly to the plat filed by the county superintendent, hence no fraud was perpetrated; and was filed one month lacking three days before this suit was filed, and no harm could have been done anybody. State ex rel. v. Glaves, 268 Mo. 100. (7) The provision of the statute requiring the superintendent to call the meeting to order is directory. State ex rel. v. Long, 275 Mo. 169. So it made no difference whether he called the meeting to order voluntarily, or was coerced, or whether he called it at all. (8) This suit was instituted by the prosecuting attorney on information at the relation of private parties. No leave of court was obtained to file this information. This was jurisdictional and can be raised for the first time in this court. Such information could not be filed without leave of court being first had, and

no leave being granted neither the circuit court nor this court acquired jurisdiction. Hence the judgment of the circuit court dismissing petition was right, regardless of whether title to office was involved or not. State ex rel. Stewart v. McIlhany, 32 Mo. 382; State ex rel. v. Hequembourg, 38 Mo. 535; State ex rel. v. Vail, 23 Mo. 97; State ex rel. v. Townley, 56 Mo. 107; State ex rel. v. Rose, 84 Mo. 198.

REEVES, C.—This is a proceeding by *quo warranto* filed by the Prosecuting Attorney of Linn County, at the relation of one certain school district and ten taxpaying citizens residing therein, against a certain consolidated school district, its clerk and the six members of its board of directors.

The purpose of the proceeding is to challenge the validity of the formation of said consolidated district and to oust the several named respondents from their several offices as members of said board of directors and as clerk of said district.

There is no dispute as to the election of said officers, but an ouster is sought upon the grounds that, the organization of said consolidated district being illegal, they function said offices wrongfully, as no such offices were created in law.

The petition alleges that proceedings were instituted conformable to law for the formation of a consolidated school district and that such organization was rendered invalid by the following:

(a)  Relators were too remote from the place where schools were to be maintained and separated therefrom by West Yellow Creek, sometimes impassable.

(b)  The superintendent of county schools in answering the petition for the formation of such consolidated district was misled by the defendants and was the victim of fraud and deceit practiced by them.

(c)  That the said superintendent was coerced and intimidated by defendants and compelled, against his will, to call the special meeting to order, which had as-

sembled, upon notice, to pass upon the question of forming said district and electing directors therefor.

(d)    That the chairman and secretary of said meeting had filed a certificate with the county clerk showing that the proposition voted on differed from that contained in the notices for said meeting.

Upon exhibiting this information the respondents moved to strike out all of the first three of the above propositions on the grounds that such allegations did not state a cause of action. Such motion being in its nature·a demurrer was sustained, over the objection and exception of relators and appellants.

To the balance of the petition or information respondents made return and answer alleging the formation of said consolidated district conformable to an act of the Legislature approved March 14, 1913, as amended by the act of the Legislature approved March 27, 1917, and upon general denial in replication, the matter went to trial, where the issues were determined adversely to relators and the validity of the district upheld and their information or petition dismissed.

At the trial it appeared that the chairman and secretary of the special meeting had made up and filed a certificate showing that a proposition differing from that contained in the notices had in fact been voted on, but subsequently an amended certificate was filed showing that the meeting had voted on the exact proposition contained in the notices.

I.    The office of school director, being an office under this State (State ex inf. Sutton v. Fasse, 189 Mo. 532), this court has exclusive jurisdiction, as all cases involving "the title to any office under this State" come here. [Sec. 12, Art. 6, Constitution of Missouri.] Originally the case was sent to the Kansas City Court of Appeals, but for the above reasons was properly transferred to this court.

*Appellate Jurisdiction.*

II.    Upon the foregoing facts relators, as appellants here, complain that the court should not have stricken

140 . SUPREME COURT OF MISSOURI,

State ex inf. West v. Consolidated School District.

from their information the allegations re-
**Striking Out Immaterial Allegations.** garding the impractibility of the formation of said district; of the fraud and deceit practiced upon the county superintendent of schools; and the coercion and intimidation to which, they allege, he was subjected. They also complain of the action of the court in admitting the amended and corrected certificate from the chairman and secretary of the special meeting.

(a) The court properly sustained the motion to strike out the portions of the information or petition mentioned. The requisite number of citizens **Remoteness from School.** and voters of the community, conformable to the act of the Legislature approved March 14, 1913, had filed their petition to the county superintendent of public schools of Linn County, expressing their desire to form a consolidated district.

The petition properly offered in evidence shows that it included District No. 24 wherein the relators resided.

This petition initiated the movement for the consolidated district and under the statute was sufficient to invoke the exercise of the discretionary powers of the county superintendent of public schools. It was not his function to determine whether or not a consolidated district should be formed, as that was a question for the qualified voters of the district to determine, but it was his duty to investigate the needs of the community and determine the exact boundaries of the proposed consolidated district.

Under the statute he could only fix the exact boundaries for the purposes of notice for the special meeting and it was not within his power to dictate to the community whether certain large portions of the proposed district should be included or not.

The allegations, therefore, regarding the remoteness of relators from the proposed school building and the difficulty that might be experienced in crossing West Yellow Creek were not questions to be passed upon by this official. We are persuaded that this is so, because

the petition filed with him included District No. 24, wherein relators reside.

The statute made it his duty to locate the boundary lines as in his judgment would form the best possible consolidated district, always mindful of the welfare of adjoining districts. These questions were discretionary and appealed to his sound judgment and are not judicial questions, so, therefore, the judiciary would not be at liberty to interfere with the exercise of a discretion by this official except that same had been abused, and no such question has been raised here.

Again there was a remedy against the bad judgment of the superintendent if any, as the people affected had the absolute right, upon notice, to accept or reject the boundaries as marked off by him.

(b)   On the question of fraud and deceit, these questions were not issuable, for the reason that the county superintendent was exercising a minis- terial duty, and it is of no consequence what representations might have been made to him, as he is not a party to this record, and there was no allegation that the people who voted on the questions involved were either deceived or misled.

Fraud and Deceit.

On the other hand, we cannot see how the superin- tendent could have been deceived, as the law made it his duty to visit the community and undoubtedly he could see the geographical and physical conditions of the pro- posed district and understand the situation as well as others. Even if he were a party to this action, no fraud could have been practiced upon him and neither could he have been misled or deceived, because all the facts were just as apparent to him or should have been as to his alleged deceivers.

Whether he was deceived or derelict in the per- formance of his duty, according to the evidence in the case, the people by a vote of 77 to 14 accepted his judgment, and it nowhere appears that the voters failed to understand the exact proposition upon which they were voting.

(c)   The question as to whether or not the superintendent was coerced and forced by ·intimidation to call the special meeting to order can be disposed of be stating that this was his statutory duty and, therefore, he could not be coerced and intimidated to do that which clearly the statute enjoined upon him to do.

*Coercion.*

Counsel for appellants call attention to the case of State ex rel. Hilbert v. Glaves, 268 Mo. 100, wherein a discrepancy between two plats showing the boundaries of a proposed consolidated district appeared.   The court in passing upon such discrepancy considered it too trivial upon the facts in that case for judicial interference and particularly as no evidence of fraud appeared.   Such discrepancy as appeared in the Glaves case was only of immediate concern to the voters as the will of the voters had to be expressed upon the plats submitted by the superintendent.   In this case there is no such question.   The voters admittedly had before them the plats showing the exact proposed boundary lines and, therefore, the question of the boundary lines was fairly settled, and whatever the judgment of the county superintendent and however reached, that judgment was submitted to the voters and accepted by them.   Fraud and deception if any practiced upon the county superintendent would be too remote and such allegations of the petition were properly eliminated.

III.   At the trial of the case relators offered the original certificate filed by the chairman and secretary of the special meeting with the county clerk as required by law.   This certificate showed that the proposition voted on covered four full districts, including relator district, but failed to show that portions of adjacent districts had been included as in the notices.

*Amended Certificate.*

Over the objection and exception of relators respondents offered an amended certificate which showed that the proposition voted on conformed to the notices given.   No error was committed by the court in admitting this corrected certificate, as it was the duty of the

chairman and secretary of the meeting to file a certificate showing what actually occurred at the meeting, and because of their mistake no harm should be suffered by the district and no complaint could justly be made against the introduction of testimony showing what the voters actually did, as an error of the chairman and secretary would not preclude such testimony.

Many of the questions here passed upon were present in the well-reasoned case of State ex rel. v. Wright, 270 Mo. 376, and our rulings follow that case. This disposes of all the questions raised by appellants and in view of our decision it is unnecessary to pass on questions raised by respondents.

Finding no error in the record, we affirm the judgment of the trial court. *Railey* and *White, CC.,* concur.

PER CURIAM:—The foregoing opinion by Reeves, C., is adopted as the opinion of the court.

All of the judges concur.