STATE OF MISSOURI at the Relation of SCHOOL DISTRICT OF AFFTON, Relator, v. FORREST SMITH, State Auditor.—80 S. W. (2d) 858.

Court en Banc, March 9, 1935.

*Thomas G. Woolsey* for relator.

*Roy McKittrick*, Attorney General, and *Covell R. Hewitt*, Assistant Attorney General, for respondent.

FRANK, C. J.—Mandamus to compel the State Auditor to register one of a series of bonds issued by the School District of Affton, St. Louis County, Missouri. Issuance of the writ was waived. Respondent accepted relator's petition as and for the writ and made return thereto in which he admits the facts alleged in the petition for the writ, and further alleges reasons why the bond should not be registered. Relator then moved for judgment on the pleadings.

Respondent does not question the legality of the steps taken looking to the issuance of the bonds. The only reason assigned by him for refusing to register the bond is that relator was not legally organized as a town school district and therefore had no authority to issue bonds of any kind.

Section 2915, Revised Statutes 1929, prescribes the duties of the State Auditor relative to the registration of bonds. The pertinent part of that section reads as follows:

"Before any bond hereafter issued for any purpose whatever by any . . . school district . . . shall obtain validity or be negotiated, such bond shall be presented to the state auditor, who shall, *if in the issuance thereof all of the conditions of the law have been complied with*, register the same, in a book or books, to be provided for that purpose; and the auditor shall certify, by endorsement on such bond, that all conditions of the laws have been complied with in its issuance, if such be the case, *and that the evidence of that fact has been filed and* preserved by him. . . ." (Italics ours.)

It will be noted that this statute not only provides that the auditor must certify by endorsement on the bond that all conditions of the law were complied with in the issuance of the bond, but he must also certify *that the evidence of that fact has been filed and preserved by him.* Necessarily this provision of the statute means

that the auditor must file and preserve authenticated copies of the record made by the school board showing that all conditions of the law were complied with in the issuance of the bond, because the auditor is not authorized to hold hearings and take and preserve evidence *dehors* the record for the purpose of determining that fact.

■ Moreover, the statute, Section 9289, Revised Statutes 1929, requires the clerk of the district to keep a correct record of the proceedings of all meetings of the board. Where the law requires a record of the proceedings of a board to be kept, the record is not only the best evidence but, primarily, is the only evidence by which the action of the board may be shown. We so held in Thornburg v. School District, 175 Mo. 12, 24-26, 75 S. W. 81. That was a suit to recover on bonds issued by a school district. We there said:

"What the law requires to be done in order to confer authority on the board of directors for the school district to issue bonds, must in order to make out the plaintiff's case, be shown to have been done by evidence other than recitals on the face of the bonds, and if the law requires a record of the facts to be kept, the record is the best evidence of the facts and, primarily, none other is admissible. . . .

"The authority to borrow the money and issue the bonds was devolved on the board of directors, but before they could exercise the authority they would have to order an election to ascertain the will of the voters. The board of directors was the organization through which the whole machinery of the law was to operate. The board was required by law to keep a record of its proceedings. [Sec. 7042, R. S. 1879.] That was a public record and to it we must, primarily, look to ascertain what action the board of school directors took in this matter."

■ Coming to the case in hand, respondent's return alleges, among other things, the following: (1) that the records of the school district do not show that a petition requesting the submission of a proposition to organize the common school district into a town school district was ever submitted to the board of directors as required by Section 9326, Revised Statutes 1929, (2) that the records of the district do not show that the action the board did take was pursuant to a petition of qualified voters and resident taxpayers as provided in said Section 9326, (3) that the records of the district show that the board did not direct that a proposition to organize the district into a town school district be submitted to the voters at the annual meeting but on the contrary by order instructed the clerk "to post the annual notices also the proposition of consolidation of the school district for the annual meeting," (4) that the records of the district do not show that the vote taken at the annual meeting was by ballot as required by Section 9326, Revised Statutes 1929, and (5) that relator has not produced and is unable to produce the original or a copy of the notice of election, the form of ballot used at said election,

or the petition of resident taxpayers requesting the submission of the proposition at said election.

The facts alleged in the return are admitted by relator's motion for judgment on the pleadings. ■ It appears from respondent's return that the minutes of the school board show that the board instructed the clerk to post notices of the annual meeting and include therein *the proposition of consolidation of the school district.* The records kept by the board do not show the contents of the notice which was given, and neither the notice nor a copy thereof is in the possession of the board. In the absence of a showing to the contrary, we will presume that the clerk performed his official duty and gave the notice which the board instructed him to give—that is—a notice *submitting the proposition of consolidation of the school district.* Such a notice would not authorize the voters when assembled at the annual meeting to vote upon a proposition to organize the common school district into a town or city school district. The two propositions are so radically different that notice of the submission of one would not authorize a vote upon the other. The purpose of a notice is to inform the voters of the propositions to be acted upon at the meeting. Where, as in this case, the statute (Secs. 9326 and 9283, R. S. 1929) requires a notice to be given, any action taken by the voters without notice, or with an insufficient notice is void. For this reason we are forced to conclude that the record presented to the auditor does not show that the district in question was legally organized as a town school district. This conclusion renders it unnecessary to discuss other alleged defects in the records of the school board.

■ Relator contends that the records of the school district may be supplemented, aided or explained by oral testimony. In line with this contention relator attached to the transcript of record filed with the auditor the affidavit of one of the directors of the school district reciting that more than ten qualified voters of the district filed a petition with the board requesting that the proposition of organizing the common school district into a town school district be submitted to the voters of the district at the next annual meeting, and that pursuant to such petition the board directed the clerk to submit such proposition in the notices of the next annual meeting. Relator contends that although the clerk failed to make a record of the filing of the voters' petition and the board's direction to the clerk to give the proper notice, the record may be supplemented by proving such happenings by oral testimony in the form of affidavits. There is no doubt but what in the trial of a lawsuit in court, the records of a school district, if incomplete, or if ambiguous, may be supplemented or explained by oral testimony; or if lost or destroyed their contents may be established by parol. [Bonsack & Pearce v. School District, 49 S. W. (2d) 1085, 1088; Peter v. Kaufmann, 327 Mo. 915, 923, 38 S.

W. (2d) 1062, 1065.] But the State Auditor is not a court, and where the transcript of the records of the district filed with him does not show that all conditions of the law were complied with in the issuance of the bonds proffered for registration, he is not authorized to hold hearings and take other evidence for the purpose of determining that question. No such hearing is provided for.

In view of the fact that the statute, Section 2915, Revised Statutes 1929, requires the auditor, when registering bonds, to certify by endorsement on such bonds that all conditions of the law were complied with in their issuance, and that the evidence of that fact has been filed and preserved by him, and in view of the further fact that he is not authorized to hold hearings and take evidence for the purpose of determining that fact, evinces a legislative intent that the auditor, when registering bonds, shall file and preserve an authenticated transcript of the record of the school district showing that the bonds were lawfully issued.

Relator makes the further contention that it has existed and functioned as a town school district since its alleged organization as such in April, 1931, during which time it has been recognized and dealt with as a town school district by the various agencies of the State, and for these reasons the court should not disturb its status. We have held otherwise. In the comparatively recent case of State ex rel. Buckley v. Thompson, State Auditor, 323 Mo. 248, 19 S. W. (2d) 714, 718, we held that when a school district presents bonds for registration, the auditor may raise the question of the school district's legal corporate existence, and that the raising of such a question is a direct as distinguished from a collateral attack upon the legal existence of the district. In that case we further said:

"But, relators say, it is sufficient if they show a *de facto* corporate existence. We do not think so. Generally speaking, it would be an easy matter for the State Auditor to determine from documentary evidence presented whether or not the conditions of the law necessary to a *de jure* corporate existence have been complied with, but whether or not an organization is in the *de facto* exercise of corporate life would present a much more complicated question and one possibly not susceptible of documentary proof. We think the words "conditions of the law" appearing in Section 1063, Revised Statutes 1919, as applied to the question of corporate existence, mean the conditions necessary to bring about a *de jure* existence. No broader construction seems necessary or practical, for the law does not contemplate that the bonds shall be negotiated or have any validity until they are registered and certified as provided by statute by the State Auditor. At any rate, collateral grounds usually urged to sustain *de facto* corporations, such as estoppel, official recognition by the State, public acquiescence, and incidental legislative recognition, do not appear in this case, for relators have sold no bonds, obtained no funds, and

erected no buildings. In fact, relators specifically plead that they 'are wholly unable to consummate the sale of said bonds and to deliver the same and to obtain the funds with which to build the school buildings hereinbefore mentioned.' "

In the later case of State ex rel. School District v. Thompson, 30 S. W. (2d) 603, 325 Mo. 1170, we followed the Buckley case, supra.

We recognize the rule contended for by relator that the statutes governing school districts as well as the records made by such districts, should be given a very liberal construction, but no case dealing with that subject holds that the record made by a school district should be approved unless it shows a substantial compliance with the statute, which the record in this case does not do.

It might be well to say in passing that the statement of fact made by relator in its brief filed in this court, which the respondent adopts as his statement of the facts, shows that the common school district took the necessary legal steps to organize the district into a town school district, but that the clerk failed to record some of the steps taken and incorrectly recorded others. If that is the situation the records of the school district could be corrected so as to make them speak the truth, then the bonds could be lawfully registered. [Peter v. Kaufmann, 327 Mo. 915, 923, 38 S. W. (2d) 1062, 1065; State ex rel. Compton v. Walter, 324 Mo. 290, 23 S. W. (2d) 167, 170.] In a proceeding of this kind, material facts stated by the parties in their briefs filed in this court, but not contained in the pleadings, and not shown by the pleadings to be a part of the records of the school district, do not constitute evidence showing that all conditions of the law were complied with in the issuance of the bonds, such as the auditor is required by statute to file and preserve in his office.

For reasons stated, our alternative writ of mandamus heretofore issued should be quashed. It is so ordered. All concur, except *Coles, J.*, not sitting.