STATE OF MISSOURI at the Relation of SCHOOL DISTRICT OF AFFTON, Relator, v. FORREST SMITH, State Auditor.—82 S. W. (2d) 61.

Court en Banc, April 24, 1935.

*Thomas G. Woolsey* for relator.

*Roy McKittrick*, Attorney General, and *Covell R. Hewitt*, Assistant Attorney General, for respondent.

TIPTON, J.—Original proceeding in mandamus to compel the respondent, as State Auditor, to register one of a series of bonds issued by the relator. Issuance of the writ was waived. Respondent accepted relator's petition as and for the writ and made return thereto in which he admits the facts alleged in the petition for the writ, and further alleges reasons why the bond should not be registered. Relator then moved for judgment on the pleadings.

Respondent does not question the legality of the steps taken looking to the issuance of the bonds, but does assign as a reason for his refusal to register the bond, that relator was not legally organized as a town school district and therefore, had no authority to issue the bonds.

On November 14, 1934, relator herein filed in this court its application and petition for an alternative writ of mandamus to be directed to respondent herein, requiring and commanding him to register Bond No. 1, hereinabove referred to or to show good and sufficient cause why he should not do so. That cause was numbered 34002. In that cause we quashed our alternative writ for the reason that the transcript of the proceedings filed by relator with respond-

ent was insufficient to show the legal organization and existence of the relator district, in that the record presented to the respondent showed that the board instructed the clerk to post notices of the annual meeting and include therein the proposition for the consolidation of the school district and therefore under such a record the district could not be organized into a town school district.

Following the rendition of our opinion in State ex rel. School District of Affton v. Forrest Smith, State Auditor, 336 Mo. 703, 80 S. W. (2d) 858, Chas. Merckel, clerk of School District No. 47, at the time the order was made, amended the minutes of that meeting, and the relator caused to be filed in the office of respondent a record of the amended minutes and certified copy of what purports to be a copy of the notice of the annual school meeting held in the School District No. 47, on April 7, 1931.

The minutes of the proceedings of the board on March 4, 1931, were amended as follows:

"Affton, Mo.
"January 19, 1935,

"It having been brought to my attention that the following minute entry appearing on Page 41 of the proceedings of the Board of Directors of School District No. 47 (McKenzie School) of St. Louis County, Missouri:

"'By motion the Clerk was instructed to post the annual notices also the proposition of consolidation of the school district for the annual meeting,' entered by me as District Clerk of the aforesaid district under date of March 4, 1931, is not a full, complete or correct statement of the action then taken by said Board, I do hereby correct the minutes of the meeting of said Board held on the aforesaid date by striking out the above quoted paragraph and by inserting in lieu thereof the following:

"'By motion the Clerk was instructed to post notices of the annual school meeting and to include in said notices the proposition of organizing School District No. 47 (McKenzie School), of St. Louis County, Missouri, into a town school district, as petitioned for in writing by ten or more voters who are resident tax payers of the district.'

"This correction of said minutes is made on the basis of my personal recollection of the action, in truth and fact, taken by said Board of Directors on March 4, 1931, and as confirmed by the personal recollection of Arthur D. Rodgers and Geo. J. C. Wohlschlaeger and Harry J. DeGrendele, all of the three members of said Board who were in office on the above date.

"Given under my hand at Affton, St. Louis County, Missouri, this 19th day of January, 1935.

"CHAS. MERCKEL."

It is the contention of respondent that the clerk of the school district could not legally amend the records after the expiration of his term of office. Chas. Merckel, the clerk of the school district ceased to hold that office on April 7, 1931, but he amended the minutes January 19, 1935. In the previous proceedings between these same parties (State ex rel. School Dist. of Affton v. Forrest Smith, State Auditor, 336 Mo. 703, 80 S. W. (2d) 858), we held that "the records of the school district could be corrected so as to make them speak the truth," but we did not pass on the question as to whether the minutes could be amended by the clerk after his term of office had expired.

In the case of Kiley v. Cranor, 51 Mo. 541, l. c. 543, we said: "Amendments in the proceedings of town officers must be made by the persons who were in office, when the proceedings were had, and it is not necessary that they should be in office at the time of making the amendment."

In Kiley v. Oppenheimer, 55 Mo. 374, we held that a city engineer, after the expiration of his tenure of office, could certify anew certain tax bills in order to cure informalities in his certificate to such bills.

In the case of Coatsworth Lumber Co. v. Owen, 186 Mo. App. 543, l. c. 556, 172 S. W. 436, the St. Louis Court of Appeals in speaking of the authority of one who signed the original tax bills to sign new tax bills, said: "That the former mayor had authority to sign the three tax bills in question, after the expiration of his term of office, to take the place of the one previously issued and signed by him as mayor, and that he alone was lawfully authorized to act in the premises, is sanctioned by the rulings in Kiley v. Cranor; Stadler v. Roth; Galbreath v. Newton, supra."

The following cases are to the same effect: Blaisdell v. Steamboat Wm. Pope, 19 Mo. 157; Miles v. Davis, 19 Mo. 408; Stadler v. Roth, 59 Mo. 400; State ex rel. v. Phillips, 102 Mo. 664; Judd v. Smoot, 93 Mo. App. 289.

We, therefore, hold that the clerk of the school district who wrote the original minutes of the proceedings of the board of directors had the power to amend the minutes on January 19, 1935, so that they would speak the truth even though his tenure of office had expired.

Respondent, in his brief, concedes that if the clerk had the right to amend the records that he has no valid reason for not registering the bonds.

From what we have said, it follows that our peremptory writ of mandamus should issue. It is so ordered. All concur.