Eula M. WILLIAMS, Plaintiff-Appellant,

v.

LONGTOWN SCHOOL DISTRICT NO. 71
OF PERRY COUNTY, Missouri,
Defendant-Respondent.

No. 33804.

St. Louis Court of Appeals,
Missouri.

May 25, 1971.

Thomas L. Arnold, Benton, for plaintiff-appellant.

Dennis C. Brewer, Perryville, for defendant-respondent.

SMITH, Commissioner.

Plaintiff appeals from a judgment against her in a jury-waived case in which she sought recovery of damages for the alleged breach of her contract as a school teacher by the defendant.

Defendant is a common school district with three directors. In May 1967, it entered into a contract of employment with plaintiff for her to teach in its school for ten months at a total compensation of $4180. She was to teach 5th through 8th grades. She entered into her teaching duties as provided and, except for an eight-day period when undergoing surgery, continued teaching through December 11, 1967. On that day the three members of the school board accompanied by the County Superintendent of Schools, met with her in the schoolhouse after school. What precisely happened at this confrontation is sharply disputed, but the next morning a substitute teacher was in the plaintiff's classroom and after December 11, plaintiff did not teach for the district. She testified without contradition that on December 12, 13, 14 and 15, she returned to the school prepared to teach, but in each instance her classroom was occupied by the substitute teacher. December 15 was the last day of school before the Christmas vacation. The clerk of the school board was not present at the December 11 meeting and there are no minutes of that meeting. On December 21, 1967, the school board held a meeting, the minutes of which stated as follows:

"Dec 21, 1967. The Board of Directors of Longtown School Dist #71 met on Dec 21—1967 at the Schoolhouse. All members present. At this meeting it was decided to dismiss Mrs. Eula Williams, teacher of grades 5–8 because of her being unable to perform her obligations as teacher. Her salary was to be paid up to Dec 15, 1967 and $50.00 for keeping records for the Cafeteria lunch program. Meeting adjourned. [signed] Mrs. L. Walker Clerk."

In a letter dated the next day, addressed to plaintiff and signed by the three board members after conferring with counsel the following appeared:

"The Board of Education of the Longtown School District has accepted your oral statement of resignation on December 11, 1967, and will terminate your pay as of December 15th. This will allow you to complete the full month. We hope to receive either your contract or a written statement of resignation, but if you are unwilling to send either one of these, then we will have to continue to accept your oral statement before the board on the date above."

On December 28, 1967, before the Christmas vacation ended and school recommenced plaintiff through her attorney denied that she had resigned, charged the board with an unlawful attempt to break the contract, stated she was ready, willing and able to perform the contract, and demanded the balance of the salary under the contract. The board's attorney responded the following day by letter asserting again the board position that plaintiff had resigned orally. A portion of that letter stated:

"* * * At the board meeting December 11th, she was informed that the board felt that it was within its rights to withhold her pay until she performed her obligations as teacher. Mrs. Williams reply was 'if you are going to withhold my pay, I quit right now. Get yourself another teacher.' There does not appear

to be any question that the school board was authorized by law to withhold the teachers pay when she has not been doing an adequate job. There is also no question that Mrs. Williams orally resigned her contract."

There was no dispute about the execution of the contract, or the amount paid under it and the amount still due, if any. Classically the case was tried on the question whether Mrs. Williams resigned or was fired.

■ We review this case upon both the law and the evidence as in suits of an equitable nature, setting aside the judgment only if clearly erroneous and having due regard for the opportunity of the trial court to judge the credibility of the witnesses. Section 510.310, RSMo.1969, V.A.M.S. It is our duty to weigh the evidence ourselves and reach our own conclusions on the facts upon the record in the trial court. Cleary v. Cleary, Mo., 273 S.W.2d 340 [10–12].

■ Plaintiff premises her right to recovery on the provisions of § 168.121 RSMo.1959, V.A.M.S. in effect in 1967, which flatly provide " * * * The board may not dismiss a teacher, except as provided in section 170.011 RSMo.; (not applicable here) * * *." The courts have "inflexibly enforced" the rule of such statute prohibiting dismissal by the school. There exists no implied authority to dismiss for any reason. Lynch v. Webb City School District No. 92, Mo.App., 373 S.W. 2d 193 [4, 5].

Plaintiff introduced into evidence, without objection, the answers to certain interrogatories propounded to the school board members and the clerk. Interrogatory 6 inquired "Was Eula M. Williams permitted to teach the full school year beginning in September, 1967, and ending in May, 1968?" All four answers were "No."

Interrogatory 8 inquired: "If you claim that the contract of Eula M. Williams * * * was terminated, state the date of termination, the reason for termination and who was present when such termination was purported to have been made."

The clerk's response was "See copy of minutes attached." The responses of the three board members were identical: "The answer to No. 7 covers this question except that a formal meeting of the Board of Directors was held on December 21st, 1967, (see attached minutes) and it was formally decided to dismiss Mrs. Eula Williams."

The minutes attached were those of the December 21 meeting previously set out in full. No effort was made by either party to introduce the answers to Interrogatory 7 into evidence. The only documentary evidence which purported to show that plaintiff resigned were the self-serving letters written to plaintiff or her attorney after the board had consulted its attorney.

Section 162.791 RSMo.1959, V.A.M.S., dealing with common school districts provides " * * * The clerk shall keep a correct record of the proceedings of all the meetings of the board. In case of the absence of the clerk, one of the directors may act temporarily in his place."

■ Where the law requires a record of the facts to be kept, the record is the best evidence of the facts, and primarily none other is admissible. Thornburgh v. School Dist. No. 3, 175 Mo. 12, 75 S.W. 81, 1. c. 84; State ex rel School Dist. of Affton v. Smith, 336 Mo. 703, 80 S.W.2d 858 [1, 2]. Where the records of a school district are incomplete, or ambiguous, or lost or destroyed they may be supplemented or explained by oral testimony or established by parol. State ex rel School Dist. of Affton v. Smith, *supra*, [6, 7]; Bonsack & Pearce, Inc. v. School Dist. of Marceline, 226 Mo.App. 1238, 49 S.W.2d 1085 [1]. The board of directors of a school district has the power to correct the record of the proceedings had at a previous meeting so as to make them speak the truth and especially when the correction consists of supplying some omitted fact or action and is done, not to contradict or change the original record, but to have the record show that a certain action was taken or

thing done which the original record fails to show. Parol evidence is also admissible for the same purpose. Peter v. Kaufmann, 327 Mo. 915, 38 S.W.2d 1062 [5, 6].

The only record of the school board, meeting as a board, involving the termination of Mrs. Williams is the minutes of the December 21, 1967 meeting where "it was decided to *dismiss* [her] * * * because of being unable to perform her obligations as teacher." (Emphasis supplied). It should be noted that no effort appears of record to change or correct these minutes. The clerk testified they accurately reflected what the board directed be put in the minutes. No witness testified that any action other than that stated in the minutes was taken at the meeting. No evidence appears that the minutes are incomplete as to the action of the board, or that any fact was omitted. The minutes are not ambiguous; they clearly state that the board dismissed plaintiff, the very word used in § 168.121 upon which plaintiff relies. There is no indication that the board was accepting the teacher's resignation, oral or written, or that the contract had been abandoned by her. The law requires the board to keep a record of its acts and the only such record here states plaintiff was dismissed. The interrogatory answers specifically stated that Mrs. Williams was not *permitted* to teach the full school year. On inquiry of the date and reason for termination the answers specifically referred to the minutes and further stated "it was formally decided to *dismiss*" plaintiff.

In addition plaintiff's testimony was that she did not resign or abandon her contract. We have substantial doubts that the testimony of the board members contradicting the minutes of the board could be considered by either the trial court or this court. But we need not premise our decision on such basis, for even considering such testimony it does not rebut the evidence that plaintiff was dismissed.

Taken in its most favorable light to the defendant, the testimony shows that on De-cember 11, unannounced and without prior notice, the three directors[1] along with the county superintendent of schools descended on the schoolhouse immediately after school. The superintendent read to plaintiff that part of Section 168.121, RSMo. 1959, V.A.M.S., authorizing the board to withhold a teacher's pay for failure to comply with the terms of her contract or execute the rules and regulations of the board. Such action can be taken only after written notice to the teacher given by order of the board.

Notice had never been given nor had the board entered any order. The superintendent said they were simply threatening her so she would become a better teacher. The four men in attendance testified that plaintiff's response to the reading of the statute was "if you are going to withhold my pay, I quit right now. Get yourself another teacher." This statement was conditional upon the board doing something which at the time it could not legally do. We cannot conclude that that statement under the circumstances amounted to a resignation.

Plaintiff's uncontradicted testimony was that she went to the school for the remainder of the week and found a substitute teacher in the room. On Friday, the last day of school before the Christmas vacation, she took a treat with her and gave it to the children. In the letter from her attorney on December 28, before school resumed, she again denied any resignation and stated she was ready, willing and able to resume her teaching duties. It was unnecessary for plaintiff to force her way into the classroom or disrupt the class being taught by the substitute teacher to prove that she still was prepared to honor her contract. See Lynch v. Webb City School Dist. No. 92, *supra*, [10].

The overwhelming weight of the evidence demonstrates that the board dismissed the plaintiff in clear contravention of the statute. Its official records so show. Plaintiff is entitled to recover her

---

1. The clerk was not present and had not been informed of the meeting.

damages caused by the breach. There was no claim she failed to mitigate and her testimony was that she tried to find work but could not.

The judgment is reversed and the cause remanded with directions to enter judgment for plaintiff and against defendant in the amount of $2926.00, with interest from March 15, 1969, the date of plaintiff's petition.

PER CURIAM:

The foregoing opinion by SMITH, C., is adopted as the opinion of this court. Accordingly, the judgment is reversed and the cause remanded with directions to enter judgment for plaintiff and against defendant in the amount of $2926.00, with interest from March 15, 1969, the date of plaintiff's petition.

BRADY, P. J., and DOWD, J., concur.

WOLFE, J., not sitting.