STATE ex inf. Jeremiah W. (Jay) NIXON, Attorney General of Missouri, Appellant,

v.

Michael CORLEY, President, Rockwood School District Board of Education, Respondent.

No. 77320.

Supreme Court of Missouri, En Banc.

April 25, 1995.

Rehearing Denied May 30, 1995.

Jeremiah W. (Jay) Nixon, Atty. Gen., Don M. Downing, Edward R. Ardini, Jr., John N. Borbonus, III, Asst. Attys. Gen., Jefferson City, for appellant.

Robert P. Baine, Jr., Florissant, for respondent.

THOMAS, Judge.

The Attorney General filed a petition in quo warranto seeking the ouster of Rockwood School District Board of Education member Michael Corley for his alleged violation of the anti-nepotism provision of article VII, section 6, of the Missouri Constitution, which reads as follows:

> Any public officer or employee in this state who by virtue of his office or employment names or appoints to public office or employment any relative within the fourth degree, by consanguinity or affinity, shall thereby forfeit his office or employment.

Corley moved for summary judgment, which the trial court granted. The Attorney General appeals. This Court has original appellate jurisdiction. *Mo. Const. art. V, § 3.* The judgment is reversed and remanded.

I.

Michael Corley became a member of the Rockwood School District Board of Education (the Board) on April 12, 1993. On August 26, 1993, Corley's son, Michael Corley, Jr., was hired by the Board as a new teacher. On August 1, 1994, the Attorney General filed a petition in quo warranto in the Circuit Court of St. Louis County seeking the ouster of Corley for violating the anti-nepotism provision of the Missouri Constitution. Corley moved for summary judgment. In opposing summary judgment, the Attorney General filed four affidavits that, when read together, asserted that Corley

voted for the measure hiring his son, and that the minutes of the meeting were later altered to show that he had abstained on the vote. Corley denies that he voted to hire his son and relies on the minutes of the August 26, 1993, meeting, which clearly note that Corley abstained from the measure involving the hiring of his son. The minutes were unanimously ratified by the Board on September 23, 1993. In support of his motion for summary judgment, Corley invoked the parol evidence rule, which provides that when a school board is required by law to maintain minutes of its meetings, the minutes are the only evidence by which the action of the board may be shown. The trial court agreed with Corley and held that the affidavits offered by the Attorney General could not be considered to reform or amend the minutes of the August 26, 1993, meeting. Because the minutes of the August 26, 1993, meeting reflect that Corley abstained, the trial court held that there were no grounds to support the allegations of the Attorney General.

## II.

■ We review summary judgment essentially *de novo*. *ITT Commercial Finance Corporation v. Mid America Marine Supply Corporation*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment is appropriate when the movant establishes that there is no genuine dispute as to material facts and that the movant is entitled to judgment as a matter of law. *Rule 74.04(c)(3)*. Thus, there are two questions presented. First, whether evidence not contained in the minutes of the August 26, 1993, meeting can be considered in the ouster proceeding. And, second, if further evidence can be considered, whether the affidavits offered by the Attorney General raise a genuine dispute as to a material fact.

### A.

■ In arguing that the parol evidence rule blocks consideration of evidence other

than the minutes, Corley relies on three Missouri cases. *Fulton v. City of Lockwood*, 269 S.W.2d 1 (Mo.1954); *State ex rel. School District of Affton v. Smith*, 336 Mo. 703, 80 S.W.2d 858 (1935); and *Williams v. Longtown School District No. 71 of Perry County*, 468 S.W.2d 673 (Mo.App.1971). Each case cited stands for the long-standing proposition that when the law requires a political body to maintain records of its actions, "the record is not only the best evidence, but, primarily, is the only evidence by which the action of the board may be shown." *Smith*, 80 S.W.2d at 859.[1]

The fundamental difference, however, between the present case and the cases cited by Corley is that this case does not involve an issue pertaining to the action of the Board; it involves the question of the conduct of one individual member of the Board. Corley cites to no Missouri cases extending the parol evidence rule to prohibit non-minutes evidence that relates to the conduct of an individual member of the Board. While our holding in this case does not limit the parol evidence rule as applied to actions of the Board, the rule does not extend to exclude all non-minutes evidence when a single Board member is accused of violating the anti-nepotism clause of the Missouri Constitution. The factual inquiry in this case, as in many anti-nepotism cases, turns on whether or not the individual, in fact, voted on a measure appointing or employing a relative. *See State ex inf. Atty. Gen. v. Shull*, 887 S.W.2d 397, 399–400 (Mo. banc 1994). To this end, the minutes are evidence of the issue at hand, but they are not, as a matter of law, the sole evidence that can be considered.

### B.

■ Next, we consider whether the affidavits offered by the Attorney General raise a genuine issue as to a material fact. Corley makes two arguments. First, Corley argues that he abstained from voting on the consent agenda that the Attorney General claims hired his son. Second, Corley argues that his son's name was only included on an ad-

---

1. There are exceptions to the parol evidence rule under Missouri law. The acts of a public body may be proven by parol evidence where the public record is incomplete or tainted by "fraud, oversight, omission or mistake." *State ex rel. McCrate v. Rhodes*, 163 S.W.2d 978, 980 (Mo. banc 1942).

dendum that was never added to any item on which the Board voted. The affidavits filed by the Attorney General raise fact issues concerning both arguments. The affidavits, read together, clearly assert that Corley, in fact, voted on the exact measure that hired his son as a teacher.[2] This is sufficient to raise a question of material fact and defeat summary judgment in this case.

### III.

The judgment is reversed and remanded.

All concur.

---

**2.** The affidavit by Board Secretary Ann Hanekamp stated that "[t]he addendum agenda item relating to the hiring of Michael R. Corley [the son] was made part of the consent agenda for the August 26, 1993 meeting.... During the August 26, 1993 board meeting, a motion was made and seconded to approve the consent agenda. Michael Corley participated in this vote by voting in the affirmative to approve the consent agenda." Further, each of the three other affidavits offered by the Attorney General stated that Corley did not abstain from the vote to approve the consent agenda. The affidavits clearly raise issues of fact concerning whether Corley voted in favor of the measure that hired his son.