

# Missouri Court of Appeals
## Western District

CITIZENS FOR TRANSPARENCY )
AND ACCOUNTABILITY, ET AL., )
                                    )    **WD86415**
               **Appellants,** )
**v.**                                      )    **OPINION FILED:**
                                    )    **July 22, 2025**
WESTERN CASS FIRE PROTECTION )
DISTRICT, ET AL., )
                                    )
              **Respondents.** )
                                    )

**Appeal from the Circuit Court of Cass County, Missouri
The Honorable R. Michael Wagner, Judge**

**Before Division Three: Thomas N. Chapman, Presiding Judge,
Lisa White Hardwick, Judge, and Alok Ahuja, Judge**

Plaintiffs Citizens for Transparency and Accountability, Darvin Schildknecht

("Schildknecht"), and Kerri VanMeveren ("VanMeveren" and, together with Schildknecht

and Citizens for Transparency and Accountability, "Plaintiffs"[1]) appeal a judgment of the

Circuit Court of Cass County that, *inter alia*, found in favor of Defendants Western Cass

---

[1] Given the posture of the case, the proper terminology for the parties would be Appellants and Respondents. However, we use the terms Plaintiffs and Defendants as we find the parties' status in the trial court proceedings adds additional clarity to this opinion.

Fire Protection District (the "District"), the Board of Directors (the "Board") of the District, John Webb ("Webb"), Martha Hardman ("Hardman"), and Suzanne Hosterman ("Hosterman") on Plaintiffs' Sunshine Law violation claims.[2] Plaintiffs raise numerous points on appeal, contending that the trial court's decision was against the weight of the evidence and that the trial court erred in applying or declaring the law. The judgment is affirmed.

## Background

After filing an initial petition in August of 2022, Plaintiffs filed the operative six-count Second Amended Petition in December of 2022. At the time the petition was filed, Plaintiffs VanMeveren and Schildknecht were two of the five directors of the Board. They sued the Board, the District, and the other three directors of the Board alleging, *inter alia*, numerous Sunshine Law violations. Plaintiffs' Sunshine Law claims included a number of claims that were based on conduct in which Plaintiffs, as directors of the Board, affirmatively participated, as well as conduct that Plaintiffs, as directors of the Board, affirmatively approved.

VanMeveren and Schildknecht were joined as plaintiffs in their lawsuit by a purported unincorporated association that called itself Citizens for Transparency and Accountability. VanMeveren provided confusing and evasive testimony at trial regarding

---

[2] Plaintiffs also sued the secretary of the Board and an unnamed litigation subcommittee. After seven days of trial, Plaintiffs voluntarily dismissed as to the secretary in response to Defendants' argument that Plaintiffs had presented no evidence of any violation of any kind against the secretary. Regarding the unnamed litigation subcommittee, Plaintiffs expressly acknowledged that evidence of a violation by the subcommittee "ha[d]n't been put on."

2

the composition of Citizens for Transparency and Accountability.  Schildknecht testified that he and VanMeveren were the only two members of the association.

Plaintiffs' petition included 281 paragraphs of allegations regarding the meetings and actions of the Board.  As relevant to this appeal,[3] after presenting 258 paragraphs of allegations, Plaintiffs indicated that they were bringing, in a single count, a number of Sunshine Law violation claims based on numerous separate occurrences and legal theories.

## COUNT I: MISSOURI SUNSHINE LAW

259. Plaintiff incorporates here the allegations made in paragraphs 1- 258.

260. The District has knowingly and purposely violated the Missouri Sunshine Law by:

> a. Holding meetings of the Board of Directors and the Unnamed Litigation Subcommittee without the required public notice;
>
> b. Conducting public business at Board meetings on items that were not within the scope of the notice of the meeting;
>
> c. Giving notice of and making motions to go into closed session with generic statements citing a list of possible bases rather than the basis that was the actual reason for the closed session, thus preventing Board Members from knowing, when voting on whether to go into closed session, the real topic of the closed session, and the public from knowing the actual basis for the closed session;
>
> d. Considering in closed sessions matters not authorized to be closed by § 610.021; and

---

[3] On appeal, Plaintiffs only assert error with respect to the trial court's rulings regarding the Sunshine Law claims brought in Count I.

e. Attempting to evade the requirements of Chapter 610, RSMo, including by using email and other means of communication among three board members – a quorum – to reach agreement in advance of notice meetings on issues to be addressed in those meetings, then voting on those issues without discussion.

WHEREFORE Plaintiffs ask the Court to order the District to comply with the Missouri Sunshine Law; declare invalid any action taken in its May 28, 2022, meeting and any other meeting that violated the law; find that the violations were knowing and purposeful; impose penalties and award costs and attorney's fees to Plaintiffs pursuant to § 610.027; and grant such other relief as may be proper.

Following seven days of trial, Plaintiffs rested their case. At the close of Plaintiffs' evidence, Defendants moved for judgment pursuant to Rule 73.01(b) through a written motion made during the trial as well as extensive oral argument on that motion.[4] Defendants' written motion requested, *inter alia*, that the trial court grant judgment in favor of the Defendants on the entirety of Plaintiffs' claims in Count I. Defendants requested that the trial court find Plaintiffs' claims deficient either factually or legally. The written motion set forth a number of legal arguments, including arguments challenging the associational plaintiff's standing and capacity, and arguments that VanMeveren had waived her ability to assert claims due to her affirmative participation in the conduct that she was alleging was violative of the Sunshine Law. Defendants requested that the trial court consider witness credibility when considering the motion – particularly, for the trial court to take into account the evasive testimony of VanMeveren, the fact that Plaintiffs had been actively seeking to have the District dissolved while

---

[4] We are not aware of any requirement that a Rule 73.01(b) motion be made in writing.

4

serving as elected directors of the Board of the District, and the fact that VanMeveren was suing for a monetary penalty for many actions that she had affirmatively participated in taking.

In addition to their written motion, Defendants provided the trial court with extensive oral argument on the motion, including the following:

> So all that being said, Judge, and again, I think each count as you go through it, the Court can look at the evidence that has come in or not come in, can look at the legal requirements and the elements for the claims that the plaintiff has – it's hard to wade through that 140-some page petition,[5] but when you actually look at the counts and the elements and the prayers for relief, I understand the Court wanted to hear the evidence, and we certainly did that for seven days. And I think at the end of that seven days, this case more than any other I have ever been involved with is ripe for a ruling based on what the Court has heard, and again, as importantly what it has not heard. Especially when most of those counts the grounds for them are not factual, but legal for dismissing them.
>
> Again, I think that leaves us with the only partial claim that the parties are in agreement on, and that is to put on some evidence about the status of the directors and the terms of the directors, the declaratory judgment that each side has asked for, plaintiffs in their petition and defendants in their counterclaim.
>
> So I would submit to the Court that having heard the evidence presented, having not had substantiation for the claims, there being no legal basis still for the claims that are asked for in this case, that all of those counts be dismissed and that the only thing left for determination are the terms of the directors of the District.

(footnote added).

---

[5] Plaintiffs' petition was 80 pages in length.

5

On June 26, 2023, the trial court entered judgment. The judgment indicated that the trial court granted Defendants' Rule 73.01(b) motion for judgment after considering the testimony and exhibits admitted during Plaintiffs' case as well as the arguments of counsel and the applicable law. The trial court entered judgment in favor of Defendants on Counts I through V of Plaintiffs' petition; and declared the number and terms of the directors of the Board of the District based on the stipulation of the parties.[6]

Shortly after the judgment in this case, VanMeveren and Schildknecht were removed from office following a public recall vote in August of 2023.

Plaintiffs now appeal to this Court.

**Standard of Review**

The trial court granted the Defendants' Rule 73.01(b) motion for judgment following the completion of the Plaintiffs' evidence. Applicable in court-tried cases such as this one, Rule 73.01(b) provides:

> After the plaintiff has completed presentation of plaintiff's evidence, the defendant may move by motion for a judgment on the grounds that upon the facts and the law the plaintiff is not entitled to relief. The filing of such motion does not constitute a waiver of defendant's right to offer evidence.

"Unlike a motion for directed verdict in a jury-tried case, a Rule 73.01(b) motion submits the case for judgment on the merits and requires the trial court to weigh the

---

[6] Count VI of Plaintiffs' petition requested that the trial court declare that there were three rather than five directors of the Board as well as the terms of the directors. Defendants' answer included a counterclaim for declaratory judgment regarding the terms and number of directors. The parties eventually stipulated that there were five directors and stipulated as to the terms of the directors.

evidence and assess credibility." *Williams v. Dir. of Rev.*, 335 S.W.3d 70, 72 n.1 (Mo. App. W.D. 2011) (quoting *Spry v. Dir. of Rev.*, 144 S.W.3d 362, 367 (Mo. App. S.D. 2004)). Courts review such judgments under the same standard as other court tried cases. *Nautilus Ins. Co. v. I-70 Used Cars, Inc.*, 154 S.W.3d 521, 527 (Mo. App. W.D. 2005) (citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)). In such cases, the judgment of the trial court "will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Id.*

"A claim that there is no substantial evidence to support the judgment or that the judgment is against the weight of the evidence necessarily involves review of the trial court's factual determinations." *Pearson v. Koster*, 367 S.W.3d 36, 43 (Mo. banc 2012). "A claim that the judgment erroneously declares or applies the law, on the other hand, involves review of the propriety of the trial court's construction and application of the law." *Id.* "Implicit in these standards is the recognition that the trial court, in reaching its judgment, is in a better position to determine factual issues than an appellate court reviewing only the record on appeal." *Id.*

We review questions of law *de novo*. *Id.* We defer to the trial court's assessment of the evidence where any facts relevant to an issue are contested. *Id.* When presented with a mixed question of law and fact, we defer to the trial court's assessment of the evidence on factual issues and review *de novo* the trial court's application of the law to those facts. *Id.* (citation omitted).

7

We will affirm the trial court's judgment on any grounds supported by the record. *Central Tr. Bank v. Branch*, 651 S.W.3d 826, 830 (Mo. banc 2022). The party appealing has the burden of establishing error on appeal. *City of De Soto v. Parson*, 625 S.W.3d 412, 416 n.3 (Mo. banc 2021).[7]

## Analysis

Plaintiffs raise twelve points on appeal.[8] In their first point, Plaintiffs argue that the trial court's judgment was against the weight of the evidence with respect to some of

---

[7] The dissenting opinion asserts that we must presume that the trial court granted judgment based on one of the reasons argued in Defendants' written motion, yet fails to cite to any legal support indicating that this principle applies in the context of a Rule 73.01(b) motion. Further, the dissenting opinion seems to conflate the standard of review for motions for directed verdict (and even motions to intervene) with the standard of review for motions for judgment under Rule 73.01(b) – which all parties agree is the standard of review for court-tried cases such as this one. Motions for judgment under Rule 73.01(b) in court-tried cases are distinct proceedings from motions for directed verdict in jury-tried cases. *Compare* Rule 73.01(b) *with* Rule 72.01(a). In a court-tried case, the trial court is the trier of fact and as such is expressly authorized to determine whether a plaintiff is not entitled to relief at the close of the plaintiff's evidence based "upon the facts and the law" – which is essentially the same function the trial court would otherwise perform at the close of all the evidence. That is why Missouri courts have uniformly and repeatedly indicated that a Rule 73.01(b) motion at the close of a plaintiff's evidence submits the case for the trial court to weigh evidence, assess credibility, and make a final determination on the merits. *See, e.g., Sturgell, Tr. of Sturgell Fam. Tr. dated Nov. 10, 1994 v. Youngblood*, 696 S.W.3d 915, 918 & n.1 (Mo. App. S.D. 2024); *Sweeney v. Ashcroft*, 652 S.W.3d 711, 721 & n.9 (Mo. App. W.D. 2022); *Starr v. Jackson Cnty. Pros. Att'y*, 635 S.W.3d 185, 189 (Mo. App. W.D. 2021); *Schaffer v. Howard*, 624 S.W.3d 379, 382 (Mo. App. W.D. 2021); *Frye v. Monarch Title of N. Mo.*, 565 S.W.3d 693, 697 (Mo. App. W.D. 2018); *Stevens v. Cato*, 549 S.W.3d 479, 484 (Mo. App. S.D. 2017); *Gannon v. Dir. of Rev.*, 411 S.W.3d 394, 396-97 (Mo. App. E.D. 2013). In advocating for a sea change to Missouri law regarding Rule 73.01(b) motions, the dissenting opinion refuses to acknowledge the authority Missouri law grants to trial courts in court-tried cases where the trial court is not only responsible for ruling on legal issues but is also the trier of fact.

[8] Plaintiffs did not use sequential whole numbers in separating their points on appeal. We have renumbered Plaintiffs points on appeal using sequential whole numbers.

Plaintiffs' Sunshine Law claims because there was no basis for the trial court to enter judgment on the entirety of the independent claims underlying Count I.  In their second and third points, Plaintiffs argue that the trial court erroneously applied the law in finding that the associational plaintiff lacked standing and the capacity to sue.  In their fourth point, Plaintiffs argue that the trial court erred in entering judgment on a number of closed session claims based on the theory that Plaintiffs Schildknecht and VanMeveren waived their ability to sue by participating (without objection) in actions they later claimed to be Sunshine Law violations.  In their fifth point, Plaintiffs argue that the trial court's judgment was against the weight of the evidence with regard to the timing of the notice for a May 28, 2022 meeting.  In their sixth point, Plaintiffs argue that the trial court erroneously applied the law regarding the timing of notice for a May 28, 2022 meeting.  In their seventh point, Plaintiffs argue that the trial court erroneously applied the law in ruling on a number of Plaintiffs' notice claims based on the content of Defendants' tentative agendas.  In their eighth point, Plaintiffs argue that the trial court erroneously declared or applied section 610.020.1 with respect to a number of their claims.  It is unclear what Plaintiffs' ninth point argues.[9]  In their tenth point, Plaintiffs argue that the trial court's judgment was against the weight of the evidence on their notice claims because the Board conducted public business by email.  In their eleventh

---

[9] At one point in the briefing, Plaintiffs' ninth point stated that it was an against the weight of the evidence challenge, but at another point in the briefing, Plaintiffs' ninth point simply duplicated Plaintiffs' eighth point word-for-word.  The confusion created was not dispelled by the argument section following Plaintiffs' ninth point.

point, Plaintiffs argue that the trial court erroneously applied the law with respect to their notice claims because there was no basis from which to find that the Defendants carried their burden of persuasion that the Board did not discuss impermissible topics during closed sessions. In their twelfth point, Plaintiffs argue that the trial court's judgment was against the weight of the evidence with respect to an unspecified number of their notice claims because the Board took up topics in closed sessions that did not fall within the topics authorized under section 610.021.

Before addressing the Plaintiffs points on appeal, we first note that much unnecessary complication and confusion has arisen in this case due to the actions of the Plaintiffs in failing to comply with the relevant rules of civil procedure, in failing to request that the trial court provide findings of fact and conclusions of law (or more precisely by ignoring the standard of review that follows in such cases where no such request has been made), and in bringing multifarious points on appeal that attempt to assert error with respect to the trial court's action on multiple independent claims based on separate events in single points on appeal. As many of these problems affect a large number of the Plaintiffs' points on appeal, we first discuss a number of these problems prior to addressing the Plaintiffs' points on appeal.

Plaintiffs' 80-page petition included 281 paragraphs of allegations regarding the meetings and actions of the Board of Directors. After over seventy pages of allegations, Plaintiffs then sought to set forth an indefinite number of Sunshine Law violation claims

10

based on separate occurrences and legal theories in Count I of its petition, which was the sole count of its petition that addressed Sunshine Law violations.

As pertinent, Rule 55.11 provides: "Each claim founded upon a separate transaction or occurrence . . . shall be stated in a separate count . . . whenever a separation facilitates the clear presentation of the matters set forth." In this matter, Plaintiffs' petition set forth a large number of claims founded upon separate occurrences in a single count. Plaintiffs' claims included claims involving separate events that were based on separate legal theories and which required proof of different elements. A separation of their distinct claims into different counts would obviously have facilitated a clearer presentation of the matters set forth in the petition.[10] However, rather than adhere to the requirements of Rule 55.11, Plaintiffs instead brought an uncertain number of claims based on separate occurrences in a single count.

Despite the lack of clarity in the petition, Plaintiffs were allowed to present their evidence over the course of seven days of trial such that Plaintiffs' violation of Rule 55.11 did not prevent Plaintiffs from having their claims tried on the evidence. However, on appeal, Plaintiffs continue a trend of attempting to litigate their claims wholesale without providing the court or the opposing party with a clear indication of the claims on which they assert error or the precise nature of their arguments.[11]

---

[10] At oral argument, when asked how many claims had been brought, Plaintiffs' counsel indicated that he believed he had counted "about 46" independent claims at one point. This number is not clear from the petition.

[11] Although the dissenting opinion is correct that Defendants do not make an argument on appeal that specifically references Rule 55.11, Defendants do argue: "Throughout this litigation,

Following the completion of the Plaintiffs' presentation of evidence, the Defendants moved for judgment pursuant to Rule 73.01(b). Defendants motion raised a number of specific legal grounds. Defendants also requested, both in writing and orally, that the trial court find that the Plaintiffs were not entitled to relief because the evidence did not substantiate Plaintiffs' claims. The trial court granted the Defendants' motion. The trial court did not issue a detailed statement of the grounds for its decision and did not issue specific findings of fact. Plaintiffs did not at any time request a statement of the grounds for the trial court's decision and did not at any time request that the trial court make specific findings of fact as Plaintiffs could have requested pursuant to Rule 73.01(c).[12]

---

[Plaintiffs'] claims have been asserted amorphously and in shotgun fashion, with the apparent intent being to overwhelm the trier of fact and law with the sheer volume of words committed to pleadings." Although we do not intend to suggest that Plaintiffs' failure to adhere to Rule 55.11 precluded Plaintiffs from establishing error on appeal, we recognize that Plaintiffs have continued to disregard Supreme Court Rules on appeal in a similar manner by failing to be precise regarding the claims on which they assert error – which continues Plaintiffs' trend of violating the rules of civil procedure in a way that creates confusion and requires guesswork and the expenditure of additional resources by the opposing party as well as the court.

[12] As pertinent to requests for findings or an opinion of the grounds for a trial court's decision in a court-tried case, Rule 73.01(c) provides:

> If a party so requests, the court shall dictate to the court reporter or prepare and file a brief opinion containing a statement of the grounds for its decision and the method of deciding any damages awarded.

> The court may, or if requested by a party shall, include in the opinion findings on the controverted material fact issues specified by the party. Any request for an opinion or findings of fact shall be made on the record before the introduction of evidence or at such later time as the court may allow.

Rule 73.01(c) provides: "All fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." The trial court ruled in favor of Defendants on all of Plaintiffs' Sunshine Law claims. Consequently, **all** fact issues in the case are considered as having been found in favor of Defendants. *See* Rule 73.01(c). However, Plaintiffs fail to acknowledge this consequence throughout their appellate briefing. Rather, Plaintiffs' briefing loses sight of this circumstance and makes arguments based on testimony that the trial court was not required to believe.

As a further consequence of the lack of detail in the judgment, Plaintiffs do not know how the trial court declared the law and cannot say how the trial court resolved issues of fact from issues of law on their many claims. As the Missouri Supreme Court has recognized, a party that wishes to know how the trial court sorted out issues of fact from issues of law has the ability to request findings pursuant to Rule 73.01(c). *See Pearson*, 367 S.W.3d at 44 n.3. However, a party "who fails to make such a request forfeits that advantage on appellate review, because the trial court's findings are considered as having been found in accordance with the judgment." *Id.* (citing Rule 73.01(c)).[13]

---

[13] The dissenting opinion suggests that we are improperly giving effect to Rule 73.01(c). However, we are simply giving effect to the principle that we affirm the trial court's judgment on any ground supported by the record, *see Central Tr. Bank*, 651 S.W.3d at 830, in light of the grounds before the trial court as revealed by the record in this case. Regarding Count I, Defendants requested that the trial court weigh the evidence, consider credibility, consider the legal requirements and elements of Plaintiffs' Sunshine Law claims underlying Count I, and find Plaintiffs' claims unsubstantiated. Thus, the notion that such issues were not before the trial

13

Many of Plaintiffs points on appeal (Points 7-12 in particular) are blatantly multifarious in that many of their points assert error with respect to multiple distinct actions of the trial court. Rule 84.04(d) provides that each point relied on must identify the trial court ruling or action that the appellant is challenging. Rule 84.04(d) "requires separate points to challenge separate rulings or actions." *Lexow v. Boeing Co.*, 643 S.W.3d 501, 505-06 (Mo. banc 2022). "Consolidating multiple independent claims into a point is not permitted." *Id.* at 506 (internal quotation and citation omitted). "Multifarious points relied on are noncompliant with Rule 84.04(d) and preserve nothing for review." *Id.* (quoting *Macke v. Patton*, 591 S.W.3d 865, 869 (Mo. banc 2019)). Many of Plaintiffs' points (in particular Points 7-12) argue that the trial court erred in its action with respect to numerous independent claims. On more than one occasion, Plaintiffs assert in a single point that the trial court erred in evaluating the persuasive value of separate evidence regarding separate events underlying separate claims. Similarly, Plaintiffs also advance points asserting that the trial court erred in applying different laws to the differing facts of different events underlying independent claims.

court is at odds with the record. The dissenting opinion takes exception to the fact that the judgment does not indicate the precise grounds for the trial court's decision, and to the requirement that all fact issues must be considered as having been found against Plaintiffs. *See* Rule 73.01(c). But, in matters (such as this) where findings are not statutorily required, it is not uncommon in court-tried cases for judgments to lack specificity when there is no request for findings and no request for a statement of the grounds of the trial court's decision. In this matter, Plaintiffs did not make a request for specific findings and did not make a request for a statement of the grounds of the decision. Plaintiffs had full control over whether to request findings or an opinion, but did not do so. *See* Rule 73.01(c). Consequently, Plaintiffs forfeited an advantage on appeal. *See Pearson*, 367 S.W.3d at 44 n.3. This circumstance does not justify a departure from the principles that govern our review of court-tried cases such as this one.

The purpose of points relied on "is to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review." *Id.* at 505 (citation omitted). Deficient points require courts and opposing parties to waste resources without ever being appropriately apprised of the precise arguments being made on appeal. *Id.* Although appellate courts prefer to reach the merits of the case and have some discretion to overlook technical deficiencies in a brief, doing so is improper when the briefing fails to give notice to the court and the opposing party of the precise issues presented on appeal. *Id.* Moreover, the Missouri Supreme Court has indicated that analogous attempts to challenge multiple trial court actions in a single point constituted more than a mere technical violation. *See State v. Minor*, 648 S.W.3d 721, 729 (Mo. banc 2022) (multifarious point challenging admission of separate but related items of evidence in a single point based on same legal theory declared to be "more than a technical violation").

The effect of these violations is compounded further due to the fact that the Plaintiffs have failed to make clear how many claims they were bringing at any step in the litigation. On appeal, it is unclear from the Plaintiffs' briefing how many claims of error they are attempting to raise or how many of their claims they are asserting require reversal due to their asserted errors.[14]

---

[14] The dissenting opinion parlays its unfounded understanding of the standard of review into an excuse for the shortcomings of Plaintiffs' briefing. The dissenting opinion appears to take the position that it is acceptable to assert reversible error in a single point on appeal from a court-tried case with respect to the trial court's evaluation of the persuasive value of the evidence underlying any number of independent claims or the trial court's application of different laws to

15

We now turn to Plaintiffs' points on appeal.

## Point One

In their first point on appeal, Plaintiffs argue that the trial court's judgment was against the weight of the evidence because there was no basis for the trial court to enter judgment on all of the independent claims brought in Count I. Plaintiffs argue that Defendants' written Rule 73.01(b) motion did not specifically address all of the Sunshine Law issues.

However, this argument misunderstands the nature of a Rule 73.01(b) motion and also fails to recognize that Defendants' Rule 73.01(b) motion for judgment moved for judgment on the entirety of the claims underlying Count I. A Rule 73.01(b) motion is authorized to be made after the plaintiff in a case completes the presentation of the plaintiff's evidence. The motion may be based on the grounds that, based on the facts and the law, the plaintiff is not entitled to relief. Rule 73.01(b). "Unlike a motion for directed verdict in a jury-tried case, a Rule 73.01(b) motion submits the case for judgment on the merits and requires the trial court to weigh the evidence and assess credibility." *Williams*, 335 S.W.3d at 72 n.1. As all parties agree, the standard of review in this case is *Murphy v. Carron* – which is the standard of review for court-**tried** cases. *See Murphy*, 536 S.W.2d at 31-32.

---

different facts of different events underlying different claims. In doing so, the dissenting opinion fails to acknowledge the requirements of Rule 84.04(d). *See Lexow*, 643 S.W.3d at 505-06.

16

Defendants moved for judgment on all of Plaintiffs' independent claims underlying Count I. Defendants' motion requested for the trial court to consider the evidence presented in light of the requirements of Plaintiffs' claims, to assess credibility, and to find that Plaintiffs were not entitled to relief based on the facts and the law. The trial court had a basis upon which to enter judgment on all of Plaintiffs' claims underlying Count I, in that Defendants moved for judgment on all of the claims underlying Count I in Defendants' motion for judgment.

Point one is denied.

### Points Two and Three

In their second and third points, Plaintiffs argue that the trial court erred in concluding that Citizens for Transparency and Accountability lacked capacity or standing to sue. These points are based on a legal ground that was raised in the Defendants' Rule 73.01(b) motion. There is no indication in the record that the trial court's judgment was based on these grounds such that this Court cannot be certain of the precise grounds on which the trial court's judgment was based. Nevertheless, because we will affirm a judgment of the trial court if it is sustainable on any grounds supported by the record, *Central Tr. Bank*, 651 S.W.3d at 830, the Plaintiffs must challenge on appeal all potential grounds for the trial court's judgment supported by the record in order to establish reversible error. In this case, it is unnecessary for this court to address each alternative ground that might hypothetically support the trial court's judgment unless the Plaintiffs can first establish that reversible error would otherwise flow from one of the other

17

grounds potentially supporting the trial court's judgment. Because Plaintiffs fail to establish error in their other points on appeal,[15] it is unnecessary to address this point.

## Point Four

In their fourth point on appeal, Plaintiffs argue that the trial court erred in entering judgment on Plaintiffs' closed session claims based on the individual Plaintiffs having waived their right to sue. This point also addresses alternative hypothetical grounds upon which the trial court's judgment might have rested. Accordingly, it is unnecessary to address this argument unless the Plaintiffs could establish that reversible error would otherwise result (thereby necessitating that we address this point), which Plaintiffs fail to do.

## Points Five and Six

In their fifth and sixth points on appeal, Plaintiffs contend that the trial court's judgment was against the weight of the evidence or misapplied the law because notice of a May 28, 2022 meeting was given less than 24 hours before the meeting began, and it was possible for notice to have been given 24 hours before the meeting. Plaintiffs argue these points simultaneously without ever attempting to note the difference between an

---

[15] We do note, however, that Plaintiff Schildknecht testified at trial that the only two members of Citizens for Transparency and Accountability were Schildknecht and VanMeveren because no one else wanted their name to be associated with the organization. During her testimony, VanMeveren refused to answer questions regarding the makeup of Citizens for Transparency and Accountability. We also note that, contrary to Plaintiffs' inaccurate assertions regarding the Defendants' answer and the burden of proof under Rule 55.13, Defendants sufficiently raised the issue of capacity by specific negative averment in paragraph 284 such that Plaintiffs had the burden of proof regarding the associational plaintiff's capacity to sue pursuant to Rule 55.13. *See AllStar Cap., Inc. v. Wade*, 352 S.W.3d 633, 637-38 (Mo. App. E.D. 2011).

against the weight of the evidence challenge or a challenge that the trial court misapplied the law. These claims are separate and distinct inquiries, each requiring its own discrete legal analysis. *See Macke*, 591 S.W.3d at 869-70. In attempting to bring two distinct challenges at once, the Plaintiffs' fifth and sixth points on appeal are multifarious and preserve nothing for appeal. *Id.* Instead of attempting to provide proper analyses of these distinct challenges, Plaintiffs suggest that it is difficult to tell how the trial court erred (but nevertheless assert that it did) and encourage this Court to act as an advocate for Plaintiffs and find reversible error.

Moreover, Plaintiffs ignore the standard of review, and fail to present a sufficient analysis to support an against the weight of the evidence challenge. Plaintiffs completely neglect to set forth any standards whatsoever regarding an against the weight of the evidence challenge. Appellate courts have long provided a multi-step analytical framework for such challenges. *See Houston v. Crider*, 317 S.W.3d 178, 187 (Mo. App. S.D. 2010). First, an appellant must "identify a challenged factual proposition, the existence of which is necessary to sustain the judgment[.]" *Id.* Second, the appellant must "identify all of the favorable evidence in the record supporting the existence of that proposition[.]" *Id.* Third, the appellant must "identify the evidence in the record contrary to the belief of that proposition, resolving all conflicts in testimony in accordance with the trial court's credibility determinations, whether explicit or implicit[.]" *Id.* Fourth, the appellant must "demonstrate why the favorable evidence, along with the reasonable inferences drawn from that evidence, is so lacking in probative

value, when considered in the context of the totality of the evidence, that it fails to induce belief in that proposition." *Id.*

In this matter, Plaintiffs have failed to attempt to complete any of these steps in the analytical process necessary to assert an against the weight of the evidence challenge.

Plaintiffs also assert, in conclusory fashion, that the trial court must have either made a finding that was against the weight of the evidence or else misapplied the law and that Plaintiffs had difficulty knowing what type of challenge to make, arguing "that it is possible that the Court misread the law, or it is possible, in some instances, that the Court did not find the evidence persuasive. . . ." We decline to become an advocate for Plaintiffs.

An against the weight of the evidence challenge requires the same general analytical framework in this case as all others. If Plaintiffs wished to show an error of law in this case, given that Plaintiffs failed to request that the trial court issue an opinion or specific findings, and given that all fact issues are considered as having been found against the Plaintiffs pursuant to Rule 73.01, it was essentially necessary for Plaintiffs to show that they would be entitled to judgment as a matter of law regardless of how the facts were found by the trial court. Such a showing necessarily begins by identifying and addressing any potential factual issues, which in this case are all considered as having

been found in favor of Defendants.[16] *See* Rule 73.01(c). Plaintiffs ignored this reality, and their arguments on appeal are insufficient to establish error.[17]

Plaintiffs' fifth and sixth points are denied.

## Points Seven, Eight, And Nine

In their seventh, eighth, and ninth points on appeal, Plaintiffs contend that the trial court committed legal error on their various "notice claims" because the evidence showed that listed topics were not reasonably calculated to advise the public of the matters to be considered. Point seven asserts that the trial court erred in applying the law to distinct evidence underlying multiple independent claims. Point eight asserts that the trial court erred in declaring or applying the law regarding multiple independent claims. It is unclear what error Plaintiffs' ninth point asserts.[18]

These points each seek to establish error with respect to numerous claims at once, rather than establishing error on one of their claims. These points fail to select a specific

---

[16] For example, Plaintiffs fail to acknowledge or address evidence that, in the light most favorable to the judgment, indicated that Plaintiff VanMeveren abruptly resigned her position as treasurer shortly before the May 28, 2022 meeting, that she did so after taking actions that would hinder the District's ability to do business, that at least one bill was past due at that time, and that VanMeveren was uncooperative with the Board following her resignation as treasurer.

[17] Plaintiffs previously argued to the trial court that their notice claims based on the May 28, 2022 meeting presented questions of fact for the trier of fact to resolve.

[18] Plaintiffs ninth point relied on, which Plaintiffs referred to as "IV.B.2.b" is stated as an against the weight of the evidence challenge at one point in Plaintiffs' briefing, whereas at another point it is stated as a challenge that the trial court erred in declaring or applying the law. The argument section following the point on appeal also fails to make clear what kind of trial court error was being asserted.

21

trial court action that they are alleging was error in violation of Rule 84.04(d). These points are multifarious and preserve nothing for review. *See Lexow*, 643 S.W.3d at 505-06.

Additionally, in their eighth and ninth points, Plaintiffs assert that the trial court erred by declaring **and** applying the law, without distinguishing between the two distinct challenges. *See Griffitts v. Old Republic Ins. Co.*, 550 S.W.3d 474, 478 n.6 (Mo. banc 2018). Points eight and nine are therefore multifarious in two ways, as they not only fail to select an individual trial court action to challenge, but also fail to clearly distinguish what type of challenge was being made.

We decline review of points seven, eight, and nine.

## Point Ten

In their tenth point on appeal, Plaintiffs argue that the trial court's judgment was against the weight of the evidence on multiple of their "notice claims" because the evidence showed that a quorum of the Board conducted public business via email without notice.

Plaintiffs tenth point again seeks to establish trial court error with respect to the trial court's action on multiple claims at once. Plaintiffs point on appeal is multifarious and preserves nothing for review. *See Lexow*, 643 S.W.3d at 505-06.

Contrary to the assertions of Plaintiffs in their briefing, the Defendants expressly argued to the trial court: "There has not been one shred of evidence that meetings have been taking place, that directors have gotten together as a quorum to discuss things in

22

advance or make decisions in advance. That just hasn't happened. There is no evidence of that."

Moreover, Plaintiffs' argument section following this point failed to include citations to the record in violation of Rule 84.04(e). Plaintiffs did include a citation to a two-page range in Plaintiffs' statement of facts. In that page range, Plaintiffs asserted that three board members corresponded regarding the District's insurance coverage. That factual assertion cited to an exhibit. That exhibit did not support Plaintiffs' factual assertion.

Further, Plaintiffs failed to include a preservation statement following any of their points on appeal in violation of Rule 84.04(e).[19] Importantly, there is no indication that the exhibit cited in Plaintiffs' statement of facts was ever offered or admitted into evidence. Thus, Plaintiffs' multifarious tenth point sought reversal of a claim that was never even presented to the trial court.

We decline review of Plaintiffs' tenth point on appeal.

---

[19] Rule 84.04(e) provides: "For each claim of error, the argument shall also include a concise statement describing whether the error was preserved for appellate review; if so, how it was preserved; and the applicable standard of review." Because this was a court-tried case, the standard for preserving a claim of error is as provided in Rule 78.07(b), and generally requires only that the matter was presented to the trial court. In this case, Plaintiffs provided only a single statement of preservation prior to presenting their first point on appeal and therein asserted only that they had "consistently argued" the points made in their appeal. Plaintiffs then failed to include a preservation statement in the argument section of any of their points in violation of Rule 84.04(e) and failed to instruct this court where they had presented the claims underlying their points on appeal to the trial court. The circumstances of this point on appeal illustrate why preservation statements are required, even in court-tried cases where the standard for preserving a matter for appeal is quite low.

**Point Eleven**

In their eleventh point on appeal, Plaintiffs argue that the trial court erroneously applied the law with respect to their "notice claims." Plaintiffs argue that the trial court had no basis on which to find that Defendants carried the burden of persuasion to show that the Board's closed sessions related to authorized matters.

Section 610.027.2 provides:

> Once a party seeking judicial enforcement of sections 610.010 to 610.026 demonstrates to the court that the body in question is subject to the requirements of sections 610.010 to 610.026 and has held a closed meeting, record or vote, the burden of persuasion shall be on the body and its members to demonstrate compliance with the requirements of sections 610.010 to 610.026.

Generally, section 610.021 authorizes a public governmental body to close meetings to the extent that they relate to one of the areas enumerated in section 610.021.

Although Plaintiffs' briefing failed to cite to any portion of the record in support of this point on appeal, and Plaintiffs failed to make clear which claims their eleventh point addresses, Plaintiffs did present evidence that the Board held a number of closed sessions in the form of the minutes of meetings. Accordingly, with respect to Plaintiffs' claims based on Defendants' closed sessions, Defendants had the burden of persuading the trial court by a preponderance of the evidence (*see, e.g.,* § 610.027.5) that the Defendants' closed sessions related to an area enumerated in section 610.021. Plaintiffs assert that the Defendants failed to carry this burden of persuasion on a number of claims.

24

Irrespective of the burden of persuasion at trial, Plaintiffs have the burden of establishing error on appeal. *See City of De Soto*, 625 S.W.3d at 416 n.3. Despite having the burden of establishing error on appeal, Plaintiffs fail to identify which claims this point addresses and make no attempt to accurately portray the evidence before the trial court, which included testimony from all five directors of the Board as well as the minutes of the meetings which revealed the matters discussed in closed sessions and which included citations to the provisions of section 610.021 on which the Board relied for authority to go into closed sessions.

Plaintiffs do not appear to argue that a defendant is categorically precluded from moving for judgment pursuant to Rule 73.01(b) with respect to claims on which the defendant has the burden of persuasion. Instead, Plaintiffs contend that Defendants failed to carry their burden of persuasion. Yet, the trial court had the minutes of the meetings which detailed the matters discussed in the closed sessions – evidence which the dissenting opinion characterizes as legally uncontestable. Plaintiffs do not in their eleventh point make any specific arguments regarding the evidence underlying any specific claim. Plaintiffs also do not address why the trial court, which is presumed to know and correctly apply the law, *see Collins v. Collins*, 586 S.W.3d 282, 291 n.5 (Mo. App. W.D. 2019), lacked the evidence necessary to determine whether the subjects addressed in the closed meetings fell within the subjects authorized to be discussed in closed meetings pursuant to section 610.021. We note that Plaintiffs' briefing had previously taken the position that there is "no room for disbelief" regarding the approved

25

Board minutes. Similarly, the dissenting opinion characterizes such evidence as "conclusive" regarding the actions of the Board.

With respect to whether a defendant may move for judgment pursuant to Rule 73.01(b) when the defendant has the burden of persuasion on an issue, we note that Rule 73.01(b), by its plain language, operates in terms of plaintiffs and defendants and whether the plaintiff is not entitled to relief based on the facts and the law rather than operating on the basis of which party has the burden of persuasion. Moreover, Missouri courts have not interpreted Rule 73.01(b) as categorically precluding a party with the burden of persuasion from moving for judgment pursuant to Rule 73.01(b), even where that party is the plaintiff. *See Dynamic Comput. Sols., Inc. v. Midwest Mktg. Ins. Agency, L.L.C.*, 91 S.W.3d 708, 714 (Mo. App. W.D. 2002) ("[W]e do not read Rule 73.01 as precluding a motion in a judge-tried case for a judgment for the plaintiff at the close of the plaintiff's case based on conclusive evidence and the applicable law.").

Point eleven is denied.

## Point Twelve

In their twelfth point, Plaintiffs argue that the trial court erred with respect to their "notice claims" because the trial court's judgment was against the weight of the evidence with respect to that indefinite number of claims. Plaintiffs argue that the evidence indicated that the Board took up subjects that fell outside of what is authorized in closed meetings under section 610.021.

26

Plaintiffs' twelfth point is multifarious and preserves nothing for review in that it asserts error with respect to multiple different actions of the trial court in a single point. *See Lexow*, 643 S.W.3d at 505-06. Plaintiffs claim error with respect to the trial court's assessment of separate evidence underlying multiple different claims based on discussions that occurred in multiple different meetings with regard to multiple different subjects that would either be authorized for closed meetings or not based on the criteria of multiple different provisions of law. Plaintiffs fail to make clear which claims they are asserting the trial court erred in weighing the evidence. Despite the fact that a claim that a judgment is against the weight of the evidence "necessarily involves review of the trial court's factual determinations[,]" *Pearson*, 367 S.W.3d at 43, Plaintiffs fail to identify the factual determination on which they assert the trial court erred in making on the numerous independent claims on which Plaintiffs assert trial court error. Plaintiffs also fail to make a sufficient supporting argument regarding much of the material discussed in the argument section following their multifarious point. For the most part, Plaintiffs take the approach of setting forth subjects that were discussed during closed meetings and making conclusory assertions that discussion of entire lists of subjects was impermissible under section 610.021 without sufficient explanation as to why.

We decline review of Plaintiffs' twelfth point.

## Conclusion

The judgment is affirmed.[20]

_____
Thomas N. Chapman, Presiding Judge

Lisa White Hardwick, Judge, concurs.
Alok Ahuja, Judge, dissents in a separate opinion.

---

[20] The dissenting opinion asserts that it would address Plaintiffs' arguments on the merits, yet acknowledges that it does not actually do so.  The dissenting opinion advances arguments that were not raised by the Plaintiffs and in conclusory fashion suggests that such arguments are significant, without explaining how the arguments would resolve the appeal.  For example, the dissenting opinion takes the position (which Plaintiffs did not take) that Defendants had the burden of proof regarding Plaintiffs' claims regarding tentative agendas based on the good cause provision in section 610.020.2.  *But see* § 610.027.  The dissenting opinion takes this novel position even though a tentative agenda is not violative of the Sunshine Law with regard to its contents so long as notice of the tentative agenda is provided "in a manner reasonably calculated to advise the public of the matters to be considered" at the meeting.  *See* § 610.020.1.  The dissenting opinion appears to conflate a provision regarding the timing of a tentative agenda (§ 610.020.2) with a provision regarding the contents of a tentative agenda (§ 610.020.1), yet does so without explaining which of Plaintiffs' "forty-plus" Sunshine Law claims merit reversal.

The dissenting opinion also mischaracterizes the arguments made by Defendants to the trial court regarding the requirements of tentative agendas.  Defendants not only argued that the word "tentative" means subject to change but also expressly argued to the trial court that a tentative agenda "has to be reasonably calculated to give the public an idea of what is to be discussed" in order to comply with section 610.020.1.

28



# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

CITIZENS FOR TRANSPARENCY
AND ACCOUNTABILITY, et al.,

      Appellants,

v.

WESTERN CASS FIRE
PROTECTION DISTRICT, et al.,

      Respondents.

)
)
)
)
)
)
)   **WD86415**
)
)   **Filed: July 22, 2025**
)
)
)
)

### DISSENTING OPINION

Because I believe we should be addressing the Plaintiffs' arguments on the merits, I respectfully dissent.

The crux of my disagreement with the majority boils down to a single, relatively narrow question: what was the basis for the circuit court's decision granting the Defendants' Rule 73.01(b) motion? I believe that, under well-established principles of appellate review, we must presume that the circuit court granted Defendants' Rule 73.01(b) motion based on *the arguments made in that motion*. The majority instead holds that the basis of the circuit court's decision is effectively unknowable. Although the Defendants Rule 73.01(b) motion made a limited number of specific arguments, the majority concludes that the circuit court may have granted judgment on the basis of any number of unrequested and

unspecified legal conclusions, or on the basis of unrequested and unspecified factual findings or credibility determinations.

Because I believe the circuit court's judgment must be evaluated based on the arguments made in the motion the court granted, I also believe that Plaintiffs' appellate briefing is properly focused: that briefing challenges, one-by-one, each of the grounds for relief asserted in Defendants' Rule 73.01(b) motion. Although the majority contends that Plaintiffs were required to assert individual Points Relied On challenging the circuit court's judgment on each of the forty-plus discrete Sunshine Law violations they alleged, that was unnecessary here. Defendants' Rule 73.01 motion asserted a limited number of arguments to support a judgment in their favor, and those arguments addressed *categories* of Plaintiffs' claims *in the aggregate* (such as their claims concerning inadequate meeting agendas, or concerning improper closed-meeting discussions). Plaintiffs' briefing did not address the alleged Sunshine Law violations individually, because Defendants' motion did not either.

### Discussion
### I.

To understand why I believe the majority unfairly holds Plaintiffs' briefing to an unreasonably exacting standard, some background is necessary.

Plaintiffs' Second Amended Petition alleged that the Defendants had committed numerous violations of Missouri's Sunshine Law, §§ 610.010 to 610.035.[1] Across thirteen pages and eighty separate paragraphs and sub-paragraphs, the Second Amended Petition detailed more than forty discrete

---

[1] Unless otherwise indicated, all statutory citations refer to the 2016 edition of the Revised Statutes of Missouri, as updated by the 2024 Cumulative Supplement.

Sunshine Law violations occurring at twelve separate meetings of the District's Board of Directors, as well as during nine e-mail exchanges.

Despite the number of individual Sunshine Law violations Plaintiffs alleged, their claims fell into six categories:

1.  Failure to provide 24 hours' notice of the Board's May 28, 2022 meeting;

2.  Tentative meeting agendas using improperly vague terms like "special considerations," "reports," and "Resolution [number]" to describe matters to be addressed, without further explanation;

3.  Improper amendment of the Board's agendas at the beginning of meetings to add additional discussion items;

4.  Improper discussion at Board meetings of items wholly outside the tentative agendas;

5.  Improper discussion of items in closed sessions; and

6.  Improper use of e-mail correspondence to hold non-public "meetings."

Plaintiffs presented evidence at trial to support their various Sunshine Law claims. It is significant that, apart from their claim concerning the May 28, 2022 meeting, Plaintiffs evidence largely consisted of the tentative agendas published by the District in advance of its public meetings, and the minutes prepared by the Board which document the issues that were discussed, and the actions that were taken, at various meetings.

Pursuant to Rule 73.01(b), the Defendants moved for the entry of judgment in their favor at the close of Plaintiffs' case. The Defendants' Motion for Judgment did not make arguments focused on any particular Sunshine Law violation Plaintiffs alleged. Instead, Defendants attacked Plaintiffs' Sunshine Law claims in the aggregate, based on a limited number of specific arguments.

3

Thus, Defendants argued generally that Plaintiff Citizens for Transparency and Accountability, an unincorporated association, was not an appropriate plaintiff. With respect to the claims falling in Category #1, Defendants argued that it was impractical to give earlier notice of the May 28, 2022 meeting, because of the exigencies of obtaining a new Treasurer for the District, and the impending unavailability of the Board's Chairman. With respect to Categories ##2-4, the Defendants argued that § 610.020.1 requires only a "tentative agenda," meaning that an agenda "can be changed" (apparently, freely and without restriction). Defendants also contended that, despite any deficiencies in their tentative agendas, they had no intent to mislead the public, or to make decisions before the publicly noticed meetings. With respect to Plaintiffs' claims concerning matters discussed in closed sessions (Category #5), the Defendants argued that Plaintiff VanMeveren (but not Plaintiff Schildknecht) had waived any complaint about such discussions, because "she herself participated in such discussions without objection." Finally, with respect to Category #6 (concerning the Board's alleged conduct of public meetings by e-mail), the Defendants orally argued that Plaintiffs had failed to present evidence that members of the Board had made decisions or conducted substantive discussions in advance of public meetings.

The circuit court granted the Defendants' motion for judgment as to all claims, with the exception of Plaintiffs' claim seeking a declaratory judgment concerning the size of the Board of Directors, and the Directors' terms. Notably, the circuit court's judgment did not state any reasons for its ruling in Defendants' favor.

The Plaintiffs' opening Brief attacks each of the grounds on which the Defendants moved for judgment on Plaintiffs' Sunshine Law claims:

- o Points III.A.1 and III.A.2 challenge the contention that Citizens for Transparency and Accountability lacked standing or capacity to sue;

- o Point III.B challenges the Defendants' contention that the closed-session claims had been waived;

- o Points IV.A.1 and IV.A.2 challenge the judgment on the inadequate-notice-of-May-28-meeting claim, both as being against the weight of the evidence, and as erroneously applying the law;

- o Point IV.B.1 challenges the judgment on Plaintiffs' claims that particular agenda items were too vague to provide adequate notice, and challenges Defendants' expansive understanding of a "tentative" agenda;

- o Points IV.B.2.a and IV.B.2.b challenge the judgment on Plaintiffs' claims concerning discussion of items not listed in a posted agenda (either items *never* listed, or items added at the outset of the meeting), as against the weight of the evidence and an erroneous application of the law;

- o Point IV.C challenges the judgment on Plaintiffs' claims concerning the Board's discussion of public business by e-mail, citing to the evidence which Plaintiffs contend shows improper conduct of public business by e-mail; and

- o Points V.A and V.B challenge the judgment on Plaintiffs' discussion-of-inappropriate-topics-in-closed-session claims, both as a misapplication of the law, and as being against the weight of the evidence.

## II.

Plaintiffs properly focused their appellate briefing on the arguments made by the Defendants in support of their Rule 73.01(b) motion, because we must presume on appeal that the circuit court granted the motion for one or more of the reasons argued in Defendants' motion.

5

Rule 73.01(b) provides, "[a]fter the plaintiff has completed presentation of plaintiff's evidence, the defendant may move by motion for a judgment on the grounds that upon the facts and the law the plaintiff is not entitled to relief."

> [A] dispositive motion made after the plaintiff's evidentiary presentation has closed is treated as a judgment on the merits. Therefore, we will affirm the trial court's judgment of a Rule 73.01 motion unless we find that there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. When presented with an issue of mixed questions of law and fact, we defer to the factual findings made by the trial court so long as they are supported by competent substantial evidence, but will review de novo the application of the law to those facts.

*Schaffer v. Howard*, 624 S.W.3d 379, 382 (Mo. App. W.D. 2021) (cleaned up).

"When a trial court grants a motion without stating its reasons for granting the motion, we presume the trial court acted for the reasons offered in the motion." *State ex rel. Meller v. Beetem*, 678 S.W.3d 478, 482 (Mo. App. W.D. 2023) (citing *Citizens for Pres. of Buehler Park v. City of Rolla*, 187 S.W.3d 359, 361 (Mo. App. S.D. 2006)); *see also Kottman v. Mo. State Fair*, 451 S.W.3d 331, 335 n.2 (Mo. App. W.D. 2014) ("Although an appellate court may affirm the trial court if it is correct on any ground, not just the grounds given by the trial court, it does not go beyond the grounds asserted in the motion and briefed on appeal to look for other reasons to affirm.").

It makes sense to limit appellate review of the grant of a Rule 73.01(b) motion to the grounds stated in the motion itself. Rule 73.01(b) only permits the circuit court to enter judgment at the close of plaintiff's evidence if "the defendant [has] move[d] by motion" for such relief; Rule 55.26 requires that any motion "state with particularity the grounds therefor." Nothing in the Rules

6

authorizes the circuit court to enter judgment for the defendant at the close of a plaintiff's case *sua sponte*, on grounds different from those raised by the defendant. *Cf. Maloney v. Thurman*, 206 S.W.3d 369, 373 (Mo. App. E.D. 2006) (finding that "the trial court erred in making findings and conclusions" after an evidentiary hearing that went "beyond the scope of the issues raised in" the parties' respective discovery motions). Moreover, in the face of a Rule 73.01(b) motion, a plaintiff may be entitled to reopen the evidence to cure evidentiary deficiencies identified in the defendant's motion. *See, e.g. Sweeney v. Ashcroft*, 652 S.W.3d 711, 721-24 (Mo. App. W.D. 2022). A plaintiff's right to cure gaps in their evidence would be rendered meaningless if the circuit court's grant of judgment could be affirmed based on grounds not raised in the defendant's Rule 73.01(b) motion, and not stated by the circuit court in ruling on the motion.

Besides the general principle that we presume that a circuit court granted a motion for the reasons stated in the motion, additional considerations prevent us from upholding the circuit court's judgment on the basis that the court was simply unpersuaded by Plaintiffs' evidence. The bulk of Plaintiffs' Sunshine Law claims concern inadequate meeting notices and improper closed meetings. Those claims depend almost exclusively on two sets of documents: the agendas published by the Board in advance of their meetings, and the meeting minutes prepared by the Board to describe action taken at those meetings. During trial, Defendants' counsel announced that he had "no objection" to the admission of all of the agendas and minutes on which Plaintiffs' notice and closed-meeting claims rely. Moreover, the Board is a public governmental body subject to the requirement in § 610.020.7 that it prepare and retain "[a] journal or minutes of

7

open and closed meetings." The Board's meeting minutes are accordingly subject to "the long-standing proposition that when the law requires a political body to maintain records of its actions, 'the record is not only the best evidence, but, primarily, is the only evidence by which the action of the board may be shown.'" *State ex inf. Nixon v. Corley*, 896 S.W.2d 931, 932 (Mo. 1995), overruled on other grounds by *State v. Olvera*, 969 S.W.2d 715, 716 n.1 (Mo. 1998)[2]; *see also Langlois v. Pemiscot Meml. Hosp.*, 185 S.W.3d 711, 715 (Mo. App. S.D. 2006) ("when statutorily mandated to maintain records of their proceedings, public bodies can only speak through their minutes and records").

We should be hesitant to conclude that the circuit court rejected Plaintiffs' inadequate notice and closed meeting claims based on (unrequested and unstated) credibility determinations, where the evidence on which those claims depend was uncontested, and (with respect to the minutes) legally uncontestable.

It is also significant that the circuit court granted judgment to Defendants based on the evidence presented in *Plaintiffs'* case, when *Defendants* bore the burden of proof with respect to two critical issues underlying Plaintiffs' inadequate notice and closed meeting claims. Thus, with respect to Plaintiffs' claims that Defendants repeatedly failed to provide adequate notice at least twenty-four hours prior to a Board meeting, Defendants rely on the exception to

---

[2] *Corley* held that the statutorily required minutes of a board meeting were conclusive with respect to "issue[s] pertaining to the action of the Board." 896 S.W.2d at 932. The Court also held, however, that board minutes may not be conclusive with respect to questions concerning "the conduct of one individual member of the board," such as when an individual board member is accused of "vot[ing] on a measure appointing or employing a relative" in violation of anti-nepotism restrictions. *Id.* In the present case, the issues raised by Plaintiffs involve actions taken by the District's Board as a body, not the conduct of any individual Board member; therefore, the exception recognized in *Corley* is inapplicable.

8

the twenty-four-hour notice requirement found in § 610.020.2, where "for good cause such notice is impossible or impractical." Defendants bore the burden of proving the applicability of this exception. *See, e.g.*, *Dycus v. Cross*, 869 S.W.2d 745, 749 (Mo. 1994) ("The law in this state as to burden of proof is clear . . . . The party asserting the positive of a proposition bears the burden of proving that proposition." (citation omitted)); *Halsey v. Townsend Tree Serv. Co.*, 626 S.W.3d 788, 797-98 (Mo. App. S.D. 2021) (party relying on a statutory exception bears the burden of proving the facts necessary to invoke the exception).

Defendants similarly bore the burden of proving the legality of the discussions and actions taken during the Board's closed meetings. Section 610.027.2 expressly provides that, "[o]nce a party seeking judicial enforcement of [the Sunshine Law] demonstrates to the court that the body in question is subject to the requirements of [the Law] and has held a closed meeting, record or vote, the burden of persuasion shall be on the body and its members to demonstrate compliance with the [Law's] requirements." *See Gross v. Parson*, 624 S.W.3d 877, 891 (Mo. 2021) (under § 610.027.2, a requester "does not have the burden to show noncompliance when an open record is redacted"; instead, the burden is on "*the public governmental body* to demonstrate its compliance with the Sunshine Law once a requester has demonstrated the governmental body is subject to the Sunshine Law and closed a record" (citation and footnote omitted)).

We must presume that the circuit court granted Defendants' Rule 73.01(b) motion for the reasons advanced by Defendants. In particular, we must presume that the circuit court ruled on *categories of similar claims* based on Defendants'

category-wide legal arguments, not based on some claim-by-claim analysis which Defendants never advocated. Plaintiffs' briefing properly challenges each of the reasons advanced by the Defendants to support the grant of their Rule 73.01(b) motion. It was unnecessary for Plaintiffs to establish the merit of each individual Sunshine Law violation they alleged, when the adequacy of those claims was never individually challenged. Plaintiffs' briefing complies with Rule 84.04, and we should be addressing their claims on the merits.

The majority asserts that I am "advocating for a sea change to Missouri law regarding Rule 73.01(b) motions," because caselaw recognizes that a circuit court *may* make credibility determinations, and assess the weight of the evidence, in ruling on a Rule 73.01(b) motion. Whether the circuit court had *the authority* to make factual determinations is a different question, however, than whether the court *actually did so* in this case. I freely acknowledge that a circuit court *can* weigh the persuasiveness of a plaintiff's evidence when ruling on a Rule 73.01(b) motion – so long as the defendant has "move[d] by motion" for judgment on that basis. But just because a court *can* assess the evidence, that does not mean that is what the court *did*. As explained in § I above, the Defendants did not ask the circuit court to reject Plaintiffs' Sunshine Law claims based on the court's weighing of the evidence. We should not presume the circuit court granted judgment to Defendants based on factual assessments the Defendants never asked the court to make.

## III.

The majority opinion makes certain additional assertions to which I briefly respond.

10

The majority faults the Plaintiffs' Second Amended Petition for only asserting *one count* addressing all of the Sunshine Law violations which were detailed over pages and pages of the petition's factual allegations. But Defendants never objected to the manner in which the Sunshine Law violations were pleaded, in a motion to dismiss or a motion for more definite statement, and any pleading defect was accordingly waived. *See*, *e.g.*, *State ex rel. Harvey v. Wells*, 955 S.W.2d 546, 547 (Mo. 1997); *Interest of K.L.*, 561 S.W.3d 12, 19 (Mo. App. W.D. 2018) ("By failing to make [a motion to dismiss or motion for more definite statement,] parties are deemed to have waived any objection as to the particularity of the averments."). In addition, Defendants did not raise any purported pleading defect in their appellate briefing. The majority offers no justification for raising this issue *sua sponte*.

The majority complains that Plaintiffs' opening Brief does not contain an explicit reference to where in the record they preserved the various arguments they make on appeal. Each of Plaintiffs' appellate arguments was raised, however, in the oral argument on Defendants' Rule 73.01(b) motion. While Plaintiffs' opening Brief may not specifically *cite to* the passages of the transcript where it preserved its arguments in the circuit court, this deficiency should not prevent us from addressing Plaintiffs' claims on their merits. *See*, *e.g.*, *Hink v. Helfrich*, 545 S.W.3d 335, 338 (Mo. 2018) ("this Court prefers to dispose of cases on the merits if it can discern the argument being made"); *Wilkerson v. Prelutsky*, 943 S.W.2d 643, 647 (Mo. 1997) ("this Court's policy is to decide a case on its merits rather than on technical deficiencies in the brief, . . . unless the deficiency impedes disposition on the merits").

The majority opinion contains an extended quotation from the oral argument on the Defendants' Rule 73.01(b) motion, presumably to support the majority's claim that Defendants asked the circuit court to reject Plaintiffs' Sunshine Law claims based on factual assessments. During oral argument in the circuit court, however, Defendants argued that the case was ripe for the entry of judgment, even though Defendants had not yet put on their evidence, because the purported defects in "most of those counts . . . *are not factual, but legal . . . .*" While Defendants may have asked the circuit court to reject some of Plaintiffs' *other* claims because the evidence supporting those claims was unpersuasive, Defendants did not ask the court to reject Plaintiffs' *Sunshine Law claims* based on the court's assessment of the persuasiveness of Plaintiffs' evidence. During their oral arguments, Defendants offered no additional grounds for rejecting Plaintiffs' Sunshine Law claims beyond the arguments raised in their written motion (with the exception of Defendants' oral argument that Plaintiffs had presented no evidence to establish that improper e-mail meetings had occurred).

## IV.

For the reasons explained above, I would address all of Plaintiffs' appellate arguments on their merits, rather than summarily rejecting them based on purported deficiencies in Plaintiffs' briefing. Because the majority does not address the substance of Plaintiffs' claims, I do not address those claims in detail. I note, however, that Plaintiffs may be entitled to reversal with respect to a substantial number of their claims.

For example, with respect to Plaintiffs' "agenda claims" (claims of vaguely-worded agendas; agendas amended at the commencement of meetings; and

12

discussion of topics wholly outside the agendas), Defendants moved for judgment by emphasizing that § 610.020.1 only required them to publish "tentative agendas." Defendants argued that the statute's reference to a "tentative" agenda permitted them to freely amend the agendas at any time, for any reason. Section 610.020.1 requires, however, that the "tentative agenda" be framed "in a manner reasonably calculated to advise the public of the matters to be considered." Moreover, although Defendants relied on *KCOB/KLVN, Inc. v. Jasper County Board of Supervisors*, 473 N.W.2d 171 (Iowa 1991), they never attempted to satisfy the standard for consideration of non-agenda items stated in that case – namely, that the non-agenda item must be an "emergency item[ ]" which first arises at a properly noticed meeting, and which cannot be deferred to a later properly noticed meeting. *Id.* at 174.

With respect to Plaintiffs' closed meeting claims, Defendants moved for judgment on the basis that Plaintiff VanMeveren had actively participated in the closed meetings, and therefore waived any right to object to those meetings. But Defendants' argument ignored that there were *two* individual Plaintiffs; and they never argued that Plaintiff Schildknecht was subject to the same waiver arguments. Moreover, Defendants never established that VanMeveren "instigated the closed session and led discussions that [she] now complains were unlawful," like in the case on which they rely for their waiver arguments. *Purcell v. Cape Girardeau Cnty. Comm'n*, 322 S.W.3d 522, 524 (Mo. 2010).

13

## Conclusion

For the foregoing reasons, I respectfully dissent.

_____
Alok Ahuja, Judge